HOWELL v. WALKER.

Opinion delivered November 27, 1916.

PLEADING AND PRACTICE—REMAND OF CAUSE—AMENDMENT TO PLEAD-
INGS.—Where a cause was reversed and remanded, *held*, the mandate
of this court was sufficiently broad to permit an amendment to the
pleadings and the introduction of proof in support thereof.

. Appeal from St. Francis Chancery Court; *E. D. Robertson*, Chancellor; affirmed.

*Walter Gorman*, for appellants.

This is the second appeal in this cause. 111 Ark. 362.

1. Under the recognized rule for application of payments upon running accounts, all credits. subsequent, as well as prior to February 2, 1910, should be applied to the oldest items of the account, which if done would overpay the account of 1909. In running accounts, the debtor only has the election to apply payments. If he makes none, the law applies them to the earliest items on the account. The creditor has no election. 38 Ark. 285; 57 *Id.* 595; 70 *Id.* 517. The account of 1909 was paid.

2. The reversal and directions in the former case are conclusive of all issues presented, or that could have been presented. 111 Ark. 362; 76 *Id.* 423; 82 *Id.* 1; 94 *Id.* 332; 118 *Id.* 558. It was error to reopen the case and allow new pleadings and new proof. 94 Ark. 329, 332.

*H. G. Gatling, R. J. Williams* and *J. W. Morrow*, for appellees.

1. No new cause of action was set up. The amendment was allowed and testimony heard simply to determine the account of 1909. 111 Ark. 362. The court acted in pursuance of and within the scope of the mandate. 3 Cyc. 497; 30 *Id.* 1248 (8).

2. A payment made from the proceeds of mortgaged property must be applied in payment of the mortgage debt. 30 Cyc. 1248 (8); 30 Ark. 396; 76 *Id.* 534; 84 Ala. 444; 82 *Id.* 412.

HUMPHREYS, J. This is the second appeal to the Supreme Court in this case. The facts are fully set out in the former opinion, so it is unnecessary to restate them. See *Howell* v. *Walker*, 111 Ark. 362.

The cause was reversed in part and remanded with directions and so much of the mandate of the Supreme Court as is material to the issues herein is as follows: "This cause came on to be heard upon the transcript of the record of the chancery court of St. Francis county, and was argued by solicitors, on consideration whereof, it is the opinion of the court that there is error in the proceedings and decree of said chancery court in this cause, in this: Said court erred in holding that the account for supplies furnished by the Beck Company subsequent to the year 1909 constituted a lien upon the property in controversy.

"It is therefore ordered and decreed by the court that the decree of said chancery court in this cause rendered, be, and the same is hereby, for the error aforesaid, reversed, annulled and set aside, with costs, and that this cause be remanded to said chancery court, with directions to proceed with the foreclosure of the Grobmyer mortgage. And also foreclosing so much of the original Beck Company mortgage as includes the account of 1909."

After the case was remanded, the learned chancellor permitted the appellees to amend the original complaint in the following manner: "Come the plaintiffs and ask leave of the court to amend their complaint in the following particulars: They state that this cause by the mandate of the Supreme Court of Arkansas was remanded with directions to this court to foreclose the mortgage given by J. O. Howell to the J. W. Beck Company for the payment of the account of 1909, and that the account of 1909 can not by this court be ascertained from the pleadings and evidence now before the court for the reason that it does not affirmatively appear that the credits given to the account of J. O. Howell in 1910 were pledged to the payment of the account made in 1910, when in truth and in fact the said

J. O. Howell and W. H. Howell were tenants and the
J. W. Beck Company was landlord during the said
year 1910, and the account for that year accruing was
for supplies furnished by the said Beck Company to the
said Howells to make a crop upon the rented land, and
that the said account of 1910 was secured by a land-
lord's lien, and that the credits appearing on said ac-
count in 1910 are the crops so pledged and on which
said lien existed, that the said credits were not suffi-
cient to discharge said lien, and that the said credits
were not and could not lawfully be applied to the pay-
ment of the said account of 1909 until the account of
1910 was fully paid, and that this was not done.

"These plaintiffs further alleged that the said J. O.
and W. H. Howell mortgaged the crop of 1910, raised
by them, to the said J. W. Beck Company for the
payment of the account of 1910 as exhibited, and that
the said credits appearing on the exhibited account
were the mortgaged crop and the proceeds of the said
mortgaged crop, and by law went to the satisfaction
and payment of the 1910 account, and could not, law-
fully, be and were not applied to the discharge and pay-
ment of the 1909 account. A copy of said mortgage
is filed herewith and marked exhibit "A," and the
original is held subject to the order of this court. '

"Therefore, these plaintiffs pray the court to allow
them to so amend their complaint and to introduce
testimony to support the amendment, and for all other
general and proper relief."

A copy of the chattel mortgage for 1910 was at-
tached as exhibit "A."

Appellants filed the following motion to strike out
the amendment to appellees' complaint, which motion
is as follows: "First: Because this cause was finally
tried and a final decree entered therein at the June term
of this honorable court, 1913, in favor of the plaintiffs
from which the defendants appealed to the Supreme
Court of the State of Arkansas, in which Supreme Court
the decree of this court was in part reversed and the
cause sent down to this court for a decree in pursuance

of the decree of the Supreme Court; that the mandate of the Supreme Court in this cause was filed herein on the first day of June, 1914; that the said amendment to said complaint sets up a new cause of action not heretofore mentioned in the pleadings or in the evidence; that to permit the plaintiffs to amend their complaint as set out in said amendment would render it necessary for additional proof to be taken by both sides and would work further delay.

"Second. Because the amendment proposed to the complaint is inconsistent with the allegations in the original complaint and is inconsistent with the evidence taken in this cause and filed herein and used upon the hearing of the cause both in this court and in the Supreme Court on the part of the plaintiff.

"Third. Because the matters and things and issues now set up in the said amendment are now *res adjudicata*, and can not be again litigated in this or in any other cause.

"Defendants submit that this court should now enter such decree as the mandate and decree of the Supreme Court directs, upon the original papers and records in this cause."

The court overruled the motion to strike and appellants filed an answer denying the allegations in said amendment. Evidence was heard in support of the amendment.

The chancellor stated the account for 1909 as follows:

1909 to December 28, 1909 . . . . . . . . . . . . . . . . .$1,441.27
Deducted amount of credits to February 12,
    1910 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   673.89
                                                                        ─────────
    Leaving balance . . . . . . . . . . . . . . . . . . . . . .$   767.38
and foreclosed the 1909 mortgage for said amount.

The only way to ascertain the debits and credits for the year 1909 and to make the proper application of payments was to permit the amendment and hear additional proof. As a rule this can not be done unless

the mandate of the Supreme Court so directs or permits.

We think that by necessary inference, the mandate is broad enough to permit the amendment and proof. In fact, we can not see how the account of 1909 could be stated correctly on the original record.

The account was correctly stated by the chancellor, this cause is accordingly affirmed. It is so ordered.