EDWARD F. STOLP v. ERNEST H. REITER.[1]

November 8, 1935.

No. 30,539.

See 190 Minn. 382, 251 N. W. 903.

*Christensen & Ronken,* for appellant.

*Oscar Hallam,* for respondent.

I. M. OLSEN, JUSTICE.

Plaintiff appeals from a judgment in favor of the defendant, entered on April 29, 1935.

1. The case has had a history extending over some time. The action was originally brought by the plaintiff to recover a balance of some $18,000 alleged to be due him from the defendant on the sale by him to defendant of approximately one-half of the capital stock of the Rochester Grocer Company. The defendant answered, pleading payment. There was also a counterclaim, not litigated and not here important. There was a trial of the action, and in the course thereof a controversy arose and evidence was taken as to a separate matter concerning the claim of the plaintiff, then first presented without any pleading, that the defendant was indebted to him for $3,000 on account of some furniture purchased for the equipment of a hotel in Rochester, Minnesota, which was thereafter operated by plaintiff and defendant as copartners. The claim of the

[1]Reported in 263 N. W. 118.

plaintiff was that this furniture was purchased by him with his funds and that defendant had not contributed thereto. The furniture had been sold, and plaintiff sought to recover $3,000, one-half of the sale price thereof. The action resulted in findings by the court that the defendant had paid the $18,000 sued for by the complaint, but that he was indebted to plaintiff on account of the sale of the furniture in question in the sum of $3,000. After denial of a motion for a new trial, defendant then appealed to this court, and the order appealed from was reversed as far as it related to the $3,000 item. The case is reported in 190 Minn. 382, 251 N. W. 903. In that case the facts are quite fully gone into, and we need not here restate them to any great extent. This court held that the evidence did not sustain the finding that plaintiff alone paid for the hotel furniture bought in 1919. At the time this furniture was purchased the plaintiff and defendant were about to engage in the hotel business as copartners, and, in the opinion referred to, we held that the furniture belonged to the hotel partnership. It was accordingly held that a new trial as to this item of furniture was necessary and that, in order to litigate that issue, the complaint would have to be amended. The new trial was limited to the question of whether defendant was liable for the claim on this furniture sale. Thereafter the plaintiff was permitted to amend his complaint so as to set up what he has referred to as a second cause of action, alleging that the furniture in question was purchased by plaintiff at a cost of $8,388.11; that no part of the purchase price has ever been repaid to plaintiff by defendant; that the furniture had been sold, as already stated; and plaintiff demanded judgment against the defendant for one-half of the original purchase price. The new trial was thereafter had on January 8, 1935, before the court without a jury. Findings of fact and conclusions of law were thereupon made by the trial court, wherein it was found that the plaintiff did not pay for more than one-half of the cost of the furniture in question and was not entitled to recover anything upon his alleged second cause of action. Judgment was so entered, and this appeal followed.

A number of assignments of error are presented. It is claimed that the court erred in finding as a fact that plaintiff did not pay for more than one-half of the cost of the furniture in question, and that the court erred in finding as a conclusion of law that plaintiff was not entitled to any relief. The question of the sufficiency of the evidence to sustain this finding and conclusion of law by the trial court is presented.

On the former trial the issue of whether or not plaintiff alone had paid for this furniture and was entitled to recover at least the $3,000 as one-half of the price for which the furniture was thereafter sold was litigated by consent apparently as it was not included in the pleadings. We held on appeal here that the evidence was insufficient to sustain any finding that the plaintiff had paid more than his one-half of the cost of the furniture. The question now presents itself as to whether there is any new or additional evidence which would require the trial court to find that plaintiff had paid all of the purchase price of the furniture and was entitled to recover from defendant one-half of the cost thereof. While the evidence on that issue on this second trial may be somewhat different from what it was on the first trial, we are satisfied that the most that can be said for the evidence now is that there was a question of fact for the trial court as to whether plaintiff had paid the entire cost of the furniture. There appears to be sufficient evidence for the court to find that the furniture purchase was a partnership transaction and that the money to pay for it came direct from the defendant's corporation, the Rochester Grocer Company, of which the defendant was then the sole owner and manager, and that the furniture became partnership property. The plaintiff and the defendant, as already stated, were then about to enter into the hotel business at Rochester. The furniture was used in that hotel in the conduct of that business by the plaintiff and defendant as co-partners for seven or eight years and was then sold to a party who leased the hotel from them. When this sale was made the plaintiff received and accepted one-half of the sale price of $6,000, and the defendant received and accepted a note and security for his share of the sale price, $3,000. It is apparent that the parties at that

time considered this furniture to be partnership property and considered that each one of them was the owner of one-half interest therein. It is significant also that after the hotel was leased to a third party the plaintiff and defendant each received one-half of the rent from the hotel and continued so to do for about a year and a half, or until the lessee quit. Surely the parties were in as good or a better position to know their rights as to this furniture at the time it was sold in 1928 and the proceeds thereof equally divided as they were at the time of the first trial some four years later.

The trial court, in its memorandum attached to the findings of fact and conclusions of law herein, stated that the plaintiff had the burden of proof and that, in the opinion of the court, the evidence was insufficient to show that plaintiff paid for more than one-half of the furniture. Without taking time to analyze the evidence in detail, we are satisfied that the question was a question of fact for the court and that the evidence is sufficient to sustain the court's findings and conclusions.

2. It is assigned as error that the court refused to permit an amendment to the complaint asking for an accounting of the partnership transactions as a whole. It is sufficient to say that such an amendment went beyond the scope of the limited issue on which a new trial was granted by this court in the prior decision, hereinbefore noted.

It is argued that the court erred in finding that plaintiff received and accepted one-half of the proceeds of the sale of the furniture. That such was the fact is undisputed.

There are five errors assigned upon rulings of the court on the admission of evidence. These assignments have been examined and considered and are found not to present any reversible error.

Judgment affirmed.