# FIELDS v. GORDON et al.—232 S. W. (2d) 320.

At Jackson, July 2, 1948.

Petition for Certiorari denied December 11, 1948.

Harry E. Jones, of Dresden, and Geo. C. Rowlett, of Martin, for plaintiff-in-error.

J. W. Rankin and R. E. L. Gallimore, both of Martin, and John W. Hart, of Union City, for defendant-in-error.

SWEPSTON, J. In this cause the plaintiff seeks to hold defendants liable in tort for the loss of sweet potatoes stored in the defendant's warehouse, which, with its contents, was destroyed by fire on February 8, 1946.

On the first trial there was a peremptory instruction at the close of all the proof in favor of defendants on the ground of absence of material evidence tending to show negligence on the part of defendants.

On plaintiff's appeal this Court reversed and remanded, certiorari was denied by the Supreme Court and the opinion of this Court appears in 30 Tenn. App. 110, 203 S. W. (2d) 934.

On the second trial there was a verdict and judgment in favor of plaintiff and defendant has appealed and presents eighteen assignments of error.

The prior opinion contains a full statement of the evidence tending to show negligence of defendants, which proof was offered in support of the theory of plaintiff to the effect that defendants were responsible as warehousemen for having negligently exposed the plaintiff's property to the hazard of fire; and this in the double aspect of exposure to the probability of fire and of negligent lack of means to extinguish an incipient fire.

It was held that the evidence was sufficient to go to the jury and that it was for the jury to say whether any one or more of said acts mentioned in said opinion, if found to be true, constituted negligence and whether such negligence was the proximate cause of the loss.

■■ Assignments I, II and XVIII are in substance that there is no material evidence to support the verdict.

We have read the entire record and find that the evidence offered on the second trial is substantially the same as that on the first trial, as appears from said opinion.

Therefore, since the evidence is the same, the former opinion of this Court is the law of this case, insofar as these assignments go. We must, therefore, overrule these three assignments.

Life & Casualty Ins. Co. v. Jett, 175 Tenn. 295, 133 S. W. (2d) 997.

■■ Assignments III and IV are directed at certain testimony relating to the fact that defendants carried insurance on their own potatoes stored in the same warehouse and were paid $3 per bushel less 16% shrinkage. This is said to have been prejudicial.

We think the cross-examination of defendant Gordon was entirely proper. He had testified that plaintiff's potatoes were worth only 75c per bushel for eating and 50c for seed potatoes. Following him the defendant Somers placed the same value on them. Yet defendants received much more for their own potatoes from the insurance company.

If evidence is competent for any purpose, it is admissible; if the opposite party deems it prejudicial, he should request an instruction limiting the scope of same to phase to which it is applicable. East Tennessee V. & G. Railroad v. Gurley, 80 Tenn. 46, 53, 54, Louisville & N. R. Railroad v. Reagan, 96 Tenn. 128, 33 S. W. 1050.

Furthermore the defendants brought out by their own witness, E. W. Winsett, the fact that they carried insurance on the building and contents.

This cured any possible error theretofore arising on this score.

Also, there is an error in assignment IV. The direct examination of Winsett was copied, whereas the motion for a new trial contains testimony on cross-examintion.

We overrule these two assignments.

■ By their assignments V, VI and XI, defendants complain of the refusal of the Court to charge the general rule of nonliability of a landlord to third person for acts of the tenant; that is, the negligence of the tenant cannot ordinarily be imputed to the landlord.

These questions are settled by the prior opinion and were argued on that appeal. It was there held: "The pleadings are broad enough to include the theory that the defendants were responsible as warehousemen for having negligently exposed the plaintiff's property to the hazard of fire. Etc."

We overrule these assignments.

■ Assignments VII and VIII relate to the refusal of the Court to charge special requests of defining negligence and instructing the jury that negligence of defendant must be the proximate cause of the damages.

The charge as given fully covers these points and repetition was unnecessary.

We overrule these assignments.

■ Assignment IX complains of the refusal of the Court to charge as follows: "Men are not to be held answerable for all acts of negligence of which they are guilty and for all dangers and hazards from which harm in fact ensues. The use of the thing must be dangerous or hazardous according to common experience at least to the extent that there is a manifest and appreciable chance of harm from what is done in view of his knowledge of his conscious ignorance."

In our opinion it was not error to refuse this request, because it is an abstract and incomplete statement; even if the use of the thing be known to be dangerous, the user is not liable unless he use it negligently and such negligence be the proximate cause of the damage, or injury.

Accordingly, the assignment is overruled.

■ ■ Assignment X complains of the refusal of the Court to charge as follows: "The plaintiff alleges in the third count of his declaration that the fire which caused his loss originated from an oil stove in a restaurant in the northwest corner of said storage building. The plaintiff also alleges certain other acts of negligence on the part of the defendants in regard to the manner of their operation and maintenance of their building outside of said restaurant.

"You will determine from the preponderance of the evidence the origin or cause of fire in question. If the defendants are shown, by the preponderance of the evidence, to have been guilty of any acts of negligence in connection with the operation and maintenance of their said building which were not the cause of the origin of said fire or did not contribute to the origin of said fire and the damages caused thereby the defendants cannot be held liable for any damages on account thereof."

It was not error to refuse this request for the following reasons:

First, the matter was correctly covered by the general charge as follows: "Or again, if you find the defendants were guilty of some negligence in the manner of operating said storage and the maintenance and operation of said building, and in the curing and protection of plaintiff's property, but you find said negligence was not

the proximate cause of the fire, or the origin thereof, or contributed to the hazard of the fire, or directly and proximately exposed plaintiff's property to the hazard of fire, which was the direct and proximate cause of the fire and destruction and loss or injury to plaintiff's property, defendants would not be liable and your verdict should be for them.''

Secondly, the requested charge confines itself to the origin of the fire and wholly omits the theory of exposure to the hazard of fire—including the negligent lack of adequate means to arrest the fire.

The basis of this special request is the holding in the Lancaster Mills case (Lancaster Mills v. Merchants' Cotton Press Co.), in 89 Tenn. 1, at page 34, 14 S. W. 317, 24 Am. St. Rep. 586, that a defect in the building which in no way contributes to the fire cannot be the proximate cause and cannot support a decree.

If, however, the jury find any one or more acts of negligence to be the proximate cause, this is sufficient to support a decree, notwithstanding there may have been other acts of negligence that did not have any causal connection with the loss.

We overrule these assignments. .

Assignments XII, XIII and XIV complain of the refusal of the Court to charge special requests, which in substance deal with remote negligence and an intervening, efficient and independent act or acts of negligence of another or others that is the proximate cause, as described in Moody v. Gulf Refining Co., 142 Tenn. 280, 218 S. W. 817, 8 A. L. R. 1243; Ford Motor Co. v. Wagoner, 183 Tenn. 392, 192 S. W. (2d) 840, 852, 164 A. L. R. 364.

It was not error to refuse these requests because the matter was fully covered in the general charge.

The Court after defining ordinary care said further: "but I instruct you in this connection, that such ordinary care in the matter did not require defendants to anticipate the occurrence of, or to provide means to protect the property against a fire that might originate without their negligence or fault, and that a reasonably prudent person acting under the same or similar circumstances would not have foreseen or anticipated."

The Court then told the jury that in determining whether defendants used ordinary care they should take into consideration with all other facts in the case the kind, character, construction, equipment, supervision and use of the building, whether it was suitable for the uses made of it, the kind, character and value of the property stored, its exposure to the hazard of fire and the means provided to prevent or arrest fire.

The Court then charged further as to proximate cause and stated: "It is a cause of which the damage is the natural and probable consequence, such a consequence as under the circumstances might and ought to have been foreseen by the wrongdoer. It does not necessarily mean that which is last in time and place, but means that which is the procuring, efficient and pre-dominant cause of the accident."

Further, the Court charged as set out in the discussion of assignment X.

While the Court did not use the words "independent, intervening, efficient", the charge as given was perhaps more susceptible of understanding by the jury. The essence of the rule of an independent conscious agency is that the original wrongdoer is not relieved of liability,

unless the intervening act of negligence could not have been reasonably foreseen.

We overrule this assignment.

Assignment XVII complains of the charge of the Court wherein the Court states the detail of plaintiff's insistence or theory of the alleged acts of negligence of defendants, the substance of which appears in the opinion of this Court on the prior appeal.

It is first said that the Court gave undue stress and prominence to the theory of plaintiff and that it failed to state fully the theory of defendants.

The theory of defendants is that they used the ordinary care required of warehousemen and that they are not responsible for a fire originating in a part of the building over which they had no control.

We think the Court fully stated defendants' theory, as reflected in our discussion of the charge under assignments XII, XIII and XIV. Following this, the Court then stated plaintiff's theory.

Further complaint is made to the effect that the charge was confusing in that it caused the jury to believe that certain acts of alleged negligence were assumed by the Court to be negligence in fact; and it is said there was no causal connection between some of these things and the start of the fire.

We do not so construe the charge.

The Court was stating to the jury the various acts of the defendants done or omitted by the defendants, as claimed by the plaintiff, in the maintenance and operation of the warehouse proper, along with the leasing of other space in the same building to roomers and to a restaurateur, leaving it to the jury to say whether these acts or omissions were a negligent exposure of plaintiff's

property to the hazard of fire in the double aspect of prevention and suppression.

The Court properly, in accord with the prior opinion in this cause and in view of the evidence adduced on the second trial, left this to the jury.

We, therefore, overrule this assignment.

■ Assignment XV presents the insurance question. Complaint is made that plaintiff was allowed to bring out by cross-examination of defendants' witness, E. W. Winsett, that defendants had been paid by the insurance company for their potatoes. That the jury were prejudiced by this fact and decided that defendants were guilty of negligence in not insuring plaintiff's potatoes and should, therefore, be required to pay for them.

Assignment XVI presents the question of improper statements alleged to have been made by one or more jurors that : "If the farmer was not taken care of in this case, that he would never be taken care of", and

"The farmers must stick together, that they had never stuck together and that if they did not stick together in this case, they would lose a lot of money."

That the verdict was influenced by these occurrences in favor of plaintiff.

We discuss these assignments together.

Defendants cite and quote from Street Railroad & Tel. Companies v. Simmons, 107 Tenn. 392, 64 S. W. 705; and McAlester v. Monteverde, et al., 22 Tenn App. 14, 115 S. W. (2d) 257, 260.

In view of our ruling under assignments III and IV that the evidence as to insurance coverage was admissible for purposes of impeachment, the above cited cases have no application. They are situations where either

the trial court allowed incompetent evidence on material issues to be introduced, or where the jury received testimony from some source outside the jury box.

But in the latter case above Judge Anderson said: "It is too well settled to require citation of authority that the affidavit of the juror with respect to what influenced him in reaching a conculsion will not be received to impeach the verdict." See cases cited in Michie's Digest, Vol. 15, p. 364, Sections 45-47.

We, therefore, overrule these assignments.

This disposes of all assignments of error.

We, therefore, enter judgment in this Court for the sum of $35 with interest from date of rendition in the trial Court. The costs are adjudged against plaintiffs in error.

Baptist, P. J., and Adams Sp. J., concur.