Beverly Ann COOK, Claud Richard Doty, Wendell L. Smith, Jr., and Linda Smith West, Plaintiffs-Appellants,

v.

Araminta McCULLOUGH, C & N Leasing and Rental Co. Inc., Jim Ed Clary, Property Assessor of the Metropolitan Government, Bill Garrett, Metropolitan Trustee, and Multimedia, Inc., d/b/a the Nashville Record, Defendants-Appellees.

Court of Appeals of Tennessee, Middle Section, at Nashville.

April 16, 1987.

Permission to Appeal Denied by Supreme Court Aug. 3, 1987.

William Berry, Jr., Nashville, Douglas S. Hale, Franklin, for plaintiffs-appellants.

Allen D. Lentz, F. Clay Bailey, Jr., James L. Murphy, III, Metro Legal Dept., Joseph L. Lackey, Jr., Nashville, for defendants-appellees.

OPINION

TODD, Presiding Judge, Middle Section.

This venerable controversy is now on its second excursion through the appellate process. Since previous appellate rulings are material to the present appellate issue; a review of previous procedure is necessary.

On January 21, 1982, the plaintiffs filed this suit seeking to set aside a tax deed executed on January 25, 1979, to defendants William C. and Araminta McCullough

as a result of a tax sale to satisfy delinquent taxes upon the described property. A similar suit by plaintiffs relating to the tax sale of another tract to C & N Leasing and Rental Co. was consolidated with the first mentioned suit.

On September 22, 1982, the Trial Judge entered an order dismissing both suits. Upon appeal to this Court, an opinion was filed on October 18, 1983, stating:

The appellants filed separate actions in the court below to invalidate the sale of two tracts of land sold at a tax sale on January 25, 1979. The complaint alleged that John S. Edney, the record owner of the parcels in question, died on March 14, 1969 and left all his property by will to his four sisters. The will was duly probated in Davidson County, Tennessee. The appellants take their interest in the property by will or intestate succession through one of the four sisters. Since the appellants were not served with process in the tax sale nor had any other notice of sale, they alleged that the sale was void as to them.

... The defendants filed answers or motions to dismiss and the cases were consolidated for disposition. Since the basis for the motions to dismiss was that the complaint failed to state a cause upon which relief could be granted and matters outside the pleadings were considered by the court, the motions were treated as motions for summary judgment pursuant to Rule 12.02 of the Tennessee Rules of Civil Procedure. The lower court granted the motions and dismissed the complaints. By agreement the court filed findings of fact and conclusions of law.

It is the position of the appellants that since the will of John Edney was of record in Davidson County, it was possible for the taxing authorities to ascertain the present owners of the property in order that they might be given notice of the suit to collect delinquent taxes.

The defendants all contend that the burden is on the property owner to notify the tax assessor of his or her interest in the property in order that notice may be given.

In this respect the defendants rely on T.C.A § 67–2018 which deals with the question of notice to the present owner. That section provides:

In the event of a sale under a decree of the court, the property shall be advertised in one (1) sale notice, which notice shall set out the names of the owners of the different tracts of parcels of land and a concise description of the property and the amount of judgment against each defendant. Said advertisement may be by publication in a newspaper as required by law, or by printed handbills as the court may decree.

However, notice of the sale shall be sent by registered return receipt mail to the last known address of the present owner of any real property if the delinquent taxes for which the sale is to be conducted were assessed on the real property when owned by a prior owner of the real property.

The term "last known address of the present owner" shall be defined as the address of the owner of said property on record in the tax assessor's office of each county.

It shall be the responsibility of the property owner to register his name and address with the tax assessor of the county in which the land lies.

The property owner shall bear the cost of the registered return receipt mail and if the said registered mail is not claimed within twenty (20) days following mailing, the county may proceed as though the notice had been received.

It seems obvious that the above section dealing with a notice to be given in a suit for the sale of real property for taxes puts the burden on the present owner of the property to register his name with the tax assessor so that he may get notice in the event of a sale.

The appellants contend that since the will of John Edney was of record, the plaintiffs became the "record owners" and were entitled to notice without more. We cannot accept that interpretation of

the statute. We think the statute says the opposite: The owner is required to register his name and address with the tax assessor rather than the taxing authorities being required to search the records for evidence of ownership. This result is consistent with the recent case of *Morris v. Beard,* Tenn.App. (Filed in Knoxville February 12, 1982).

The action to sell real estate for delinquent taxes is an action in rem. T.C.A. § 67–1804. Although persons having an interest in property which is the subject of an in rem proceeding are entitled to notice, the notice required is "the best notice possible under the circumstances." *Mullane v. Central Hanover Bank and Trust Co.,* 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950); *Baggett v. Baggett,* 541 S.W.2d 407 (Tenn. 1976). In this case, since the appellants' interest was not on record in the tax assessor's office as required by the statute, they were not entitled to any more notice than that given them by publication in the newspaper.

For all of these reasons the decree of the Chancellor is affirmed.

Upon application for permission to appeal, on October 18, 1983, the Supreme Court entered the following order:

On considering the application for permission to appeal and briefs filed in this case and the entire record, the application of Beverly Ann Cook, et al, is granted for consideration of appellants' contention that the chancellor erred in holding that the publication of notice of tax sale in the *Nashville Record* was adequate notice to the appellants without any evidence in the record on that issue and without permitting the introduction of such evidence in a trial on the merits.

Upon considering said limited appeal, on November, 19, 1984, the Supreme Court filed an opinion which stated:

In his amended findings of fact and conclusions of law, the Chancellor held that "Publication in the *Nashville Record* constitutes adequate notice to all parties." The record contains no evidence on the issue of adequacy of notice and no proof was presented on the issue by either side. The Chancellor cited no authority for his position. We are of the opinion that the Chancellor should have permitted proof on this issue and summary judgment was therefore inappropriate.

We agree with the decision of the Court of Appeals on the issues that were addressed in its opinion. However, the issue of the adequacy of notice was not addressed, although it had been brought to the attention of the Court of Appeals in Plaintiff's brief and in Plaintiff's petition to rehear. We therefore remand the case to the trial court for further proceedings relative to the notice issue. Costs of this appeal shall be taxed to the Defendants.

The judgment of the Supreme Court entered the same date stated:

This cause coming on to heard upon the entire record from the Court of Appeals, Middle Section at Nashville, a limited application for permission to appeal having heretofore been granted to consider whether the Chancellor erred in holding that the publication of notice of tax sale in the *Nashville Record* was adequate notice to Plaintiffs when there was no evidence in the record on that issue and without permitting the introduction of such evidence in a trial on the merits; and upon consideration thereof, this Court is of opinion that the case should be remanded for further proceedings relative to the notice issue.

In accordance with the opinion filed herein, it is, therefore ordered and decreed by this Court that the case is remanded to the Chancery Court of Davidson County for further proceedings relative to the notice issue, and for the collection of costs accrued below.

Costs of appeal will be paid by Araminta McCullough, C & N Leasing & Rental Co., Inc., Jim Ed Clary, Property Assessor of the Metropolitan Government, and Bill Garrett, Trustee of Davidson County, for which execution may issue if necessary. 1/19/84.

Upon remand, an agreed order was entered permitting Multimedia, Inc., d/b/a

The Nashville Record to intervene as a party defendant.

On February 28, 1986, plaintiffs filed the following motion in the Trial Court:

Pursuant to Rule 15 of the Tennessee Rules of Civil Procedure, Plaintiffs respectfully move the Court to permit them to amend their Complaints in these consolidated actions in the following respects:

1. Each Complaint is amended by adding the following additional paragraphs to the allegations:

17. Plaintiffs further allege that the statutes governing delinquent taxpayers actions, including T.C.A. § 67–5–2424, 67–5–2415, 67–5–2501, and 67–5–2502, formerly § 67–2012 and 67–2018, have been interpreted to permit the filing of actions to sell Plaintiffs' Properties (as defined in paragraph 4 of each Complaint), the prosecution of such actions, the entry of decrees ordering the sale for delinquent taxes, the publication of tax sale notices, and the sale of the Properties, all without any actual or constructive service upon any of Plaintiffs or any of their predecessors who owned an interest in the Properties at the time their suits were instituted, or any notice of any kind whatsoever that their Properties were being sold for delinquent taxes, because Plaintiffs and their predecessors in title had not notified the Tax Assessor of Davidson County of their ownership interest in the Properties. Plaintiffs further aver that no actual or constructive service was ever attempted for any of Plaintiffs, or any of their predecessors who owned an interest in the Properties when the actions to sell those Properties were commenced, even though their ownership was a matter of public record; the only service attempted was for a man who had died and whose Will had been probated over eight years prior to the time the actions to sell the Properties were filed.

18. Plaintiffs aver that the institution of said actions to sell the Properties, the prosecution of such actions, the entry of decrees ordering the sale of the Properties, and the sales of those Properties for delinquent taxes, without any actual or constructive service of process, or any notice to, any of Plaintiffs, or their predecessors in title who owned an interest in the Properties at that time, and any state statute, including T.C.A. §§ 67–5–2414, 67–5–2415, 67–5–2501, and 67–5–2502, permitting delinquent taxpayers actions to be conducted in this manner without service of process or notice, violate the Due Process Clause and Equal Protection Clause of the Fourteenth Amendment to the Constitution of the United States and Article I, Section 8 of the Tennessee Constitution. Plaintiffs further aver that these constitutional requirements have been recognized by both the Tennessee Supreme Court (in *Marlowe vs. Kingdom Hall of Jehovah's Witnesses,* 541 S.W.2d 121 (Tenn. C.St.1976)) and the United States Supreme court (in *Mullane v. Central Hanover Bank & Trust,* 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950)).

19. Plaintiffs aver that since the actions to sell their Properties and the sales of those Properties were conducted in violation of provisions of the United States and Tennessee Constitutions, said sales were void, and that title should be divested out of Defendants McCullough and C & N Leasing & Rental Co., Inc. and revested in Plaintiffs.

20. W.J. Michael Cody is the Attorney General and Reporter of the State of Tennessee and is made a party to this action pursuant to T.C.A. § 29–14–107, since this action questions the constitutionality of certain Tennessee statutes.

2. The prayers for relief in each Complaint are amended to read as follows:

1. That the Court hold that the tax sales of Plaintiff's properties were void because they were conducted in violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the Constitution of the

United States and in violation of the provisions of Article I, Section 8 of the Tennessee Constitution, and because the tax sales notices did not comply with statutory and constitutional requirements.

2. That the Court, upon payment to Defendants C & N Leasing & Rental Co., Inc. and McCullough of such amounts as may be legally reimbursed to them, divest title to the Properties in the proportions set forth in paragraph 10 of each Complaint.

3. That the Court assess the costs of this action against Defendants.

4. That the Court grant Plaintiffs such other and further relief as may be appropriate upon the evidence produced herein.

In support of this Motion, Plaintiffs file the attached Memorandum Brief.

On March 14, 1986, said motion was overruled by the following order:

This cause came to be heard before the Honorable Irvin H. Kilcrease, Jr., Chancellor, on the Plaintiffs' Motion to Amend their Complaints in these consolidated actions, and after consideration of Plaintiffs' Motion, the record in these consolidated actions, the arguments of counsel and the law of the case as heretofore set out by this Honorable Court, the Court of Appeals of Tennessee and the Supreme Court of Tennessee, this Honorable Court has determined that the allegations sought to be included by Plaintiffs' in their Motion to Amend are barred by the law of the case.

On March 27, 1986, plaintiffs filed a "motion to reconsider" (which is not provided for in T.R.C.P.).

On April 7, 1986, said "motion to reconsider" was overruled and application for permission to appeal was denied.

On October 2, 1986, plaintiffs filed an application for extraordinary appeal from the order entered on March 14, 1986, overruling plaintiff's motion to amend.

On November 7, 1986, this Court granted the extraordinary appeal which is the subject of this opinion.

In this appeal, plaintiffs present the following issue:

Whether the Chancellor properly overruled Plaintiffs' only Motion to Amend the Complaints in these consolidated actions when the Amendment sought to raise issues which were not addressed by the appellate courts on a previous appeal and which the Chancellor had held, prior to that appeal, were not raised in the trial court; when some aspects of those issues pertain to a new defendant added since the initial appeal; and when no prejudice could result to Defendants from the timing of the Motion to Amend?

Plaintiffs concede that, prior to the limited remand to the Trial Court from the Supreme Court, no constitutional attack was made upon the procedure employed in the tax sales and the Attorney General of the State was not made a party to these actions.

Plaintiffs insist, however, that the agreed order permitting intervention of Nashville Record as a party defendant opened the door to adding additional issues beyond that stated by the Supreme Court in its remand. This Court does not agree because the intervention of the Nashville Record as a party defendant added nothing to the issues stated in the remand. The answer filed by said defendant does state:

18. *The Nashville Record* as a forum for the publication of the Order of Publication and the Notice of Sale fully satisfied the requirements of the United States and Tennessee Constitutions and all laws of the State of Tennessee.

19. Plaintiffs are estopped from claiming that *The Nashville Record* was not a proper forum for the publication of the Order of Publication or the Notice of Sale. Plaintiffs claim the property at issue as heirs of the estates of Leona Edney and Jessylea Edney Smith, yet both estates utilized *The Nashville Record* to publish legal notice to creditors. The Plaintiffs, Wendell L. Smith, Jr., Beverly Ann Cook and Linda Smith West, moreover, were Co-Administrators of the estate of Jessylea Edney Smith. Wendell L. Smith, Jr. was also the Exec-

utor of the estate of Leona Edney. The Plaintiffs, therefore, are estopped from asserting that *The Nashville Record* is an improper forum for the publication of notices when they have simultaneously claimed the benefits of publication in that newspaper.

However, the quoted allegations are merely assertions of fact in support of the Nashville Record as an appropriate medium for the publication of the notices herein.

The action of the Supreme Court approved and affirmed the conclusion and judgment of this Court that, by failure to register their names as owner/taxpayers of the subject property, plaintiffs forfeited the right to notice of the tax suit and of tax sale. However, plaintiffs would have standing to question the adequacy of the notice to the owner on record with the tax assessor. This being true, the limited purpose of the issue on remand (adequacy of published notice) was to ascertain whether the publication in the Nashville Record was adequate notice to the taxpayer (the record owner, John S. Edney, deceased) of the pending action and to the public at large that the property was to be sold for taxes.

The amendment offered by plaintiffs first asserts that they, as owners of record, were entitled to actual or constructive notice of the tax sale. This Court has held to the contrary, and the Supreme Court has affirmed.

The proposed amendment also asserts that the lack of actual or constructive notice to plaintiffs "or their predecessors in title who owned a interest in the Properties at that time" resulted in a violation of the Fourteenth Amendment to the Constitution of the United States and Article I, Section 8 of the Constitution of Tennessee, citing *Marlowe v. Kingdom Hall of Jehovah's Witnesses*, Tenn., 541 S.W.2d 121 (1976) and *Mullane v. Central Hanover Bank and Trust*, 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950). Although the constitutional question was not expressly pled in former pleadings, and expressly excluded from the Chancellor's first decision, the opinion of this Court cited *Mullane v. Central Hanover Bank and Trust Co.*, supra, in holding plaintiffs were entitled to no more notice than "the best possible under the circumstances."

In the plaintiffs' application to the Supreme Court for permission to appeal from the former decision of this Court, plaintiffs' issues were stated as follows:

(1) Whether property can be sold to pay delinquent taxes without any services of process, either actual or constructive, upon the record owner of that property when that owner has failed to notify the Tax Assessor of his ownership interest, in accordance with T.C.A. § 67–2018.

(2) Whether the Chancellor properly dismissed Plaintiff's Complaints for failure to state a claim upon which relief could be granted despite uncontradicted evidence that the tax sale auction notices failed to comply with statutory and constitutional requirements and properly held that publication in *The Nashville Record* was adequate without the benefit of any evidence in the record and without giving Plaintiffs the opportunity to introduce evidence to attack the adequacy of such publication.

The action of the Supreme Court, cited above, rejected the attack upon the decision of this Court that plaintiffs were not entitled to notice as property owners. By its limited remand for an evidentiary hearing upon the adequacy of the Nashville Record publication, the Supreme Court undoubtedly included Constitutional and statutory provisions as standards for adequacy of the notice to "record owners", but not as to "non record owners", as these plaintiffs have been conclusively held to be.

In summary, the holdings of this Court, as affirmed by the Supreme Court, and the holding of the Supreme Court as to limit of remand constitute the law of the case, foreclosing and excluding any complaint, constitutional or otherwise, as to the omission of the names of plaintiffs from the tax sale proceedings or any notices pursuant thereto. *National Life & Acc. Ins. Co. v. Morrison*, 179 Tenn. 29, 162 S.W.2d 501 (1942); *Life & Cas. Ins. Co. v. Jett*, 175 Tenn. 295, 133 S.W.2d 997 (1939); *Fields v. Gordon* 33 Tenn.App. 465, 232 S.W.2d 320 (1948); *Se-*

curities Investment Co. v. White 19 Tenn. App. 540, 91 S.W.2d 581 (1935). On the other hand, the remand by the Supreme Court appears to leave open any other questions of fact or law relating to the adequacy, constitutional, statutory, or otherwise, of the notice which was published. That is, the Trial Court is free to hold that the notice was inadequate for any reason except that plaintiff's names were omitted therefrom.

The amendment offered by plaintiffs was in part in contradiction of the law of the case and otherwise was unnecessary to the execution of the remand by the Supreme Court.

■ Neither the Trial Judge nor this Court has authority to expand the limitation placed by the Supreme Court upon a remand.

The foregoing is supported without dissent by authority from other jurisdictions. In 5–B C.J.S., Appeal and Error § 1969(5), the text states:

The pleadings may not be amended after the cause has been remanded for a restricted purpose.

In State v. Up-to-Date Shoe Repairing Co., 178 La. 1068, 152 So. 906 (1934), the trial court dismissed the suit of the State to collect an occupational tax on the basis of a claimed exemption. On appeal, the Supreme Court disallowed the exemption, reversed the dismissal and remanded for ascertainment of the amount of tax due. The Trial Court overruled a motion of defendant to amend to present a constitutional question and rendered judgment against the defendant who appealed. On a second appeal, the Supreme Court affirmed and said:

The trial judge was clearly correct in refusing to pass upon the plea of unconstitutionality filed by defendant after the case had been remanded to the district court. The case was remanded solely for the purpose of permitting plaintiff to offer evidence to sustain the state's demand. And it is well settled that no new issue can be raised after a case has been remanded by the appellate court for the restricted purpose of admitting evidence

on a particular issue of fact. Stark v. Burke, 9 La.Anno. 344; In re Quaker Realty Co., 127 La. 208, 53 So. 526; Lehman Dry Goods Co. v. Lemoine (On Rehearing), 129 La. 382, 56 So. 324; Davis v. New Orleans Public Belt R.R., 159 La. 431, 105 So. 421.

In Stark v. Burke, which was expressly approved in Lehman Dry Goods v. Lemoine, Slidell, C.J., speaking for the court, well said:

"The time of a court of justice should not be occupied with determining a cause on the general merits, only to reach the fruitless result of setting aside its decree, not because it is erroneous in the case presented, but because the litigant desires to present a new question which he might have presented before."

In Stolp v. Reiter, 195 Minn. 372, 263 N.W. 118 (1935) plaintiff sued to recover his part of the proceeds of a sale of furniture by defendant. After judgment and appeal, the Supreme Court remanded for further hearing upon the issue of portion of the purchase price of the furniture paid by plaintiff. Upon appeal from the second judgment, plaintiff complained that, on remand the trial court had refused to allow plaintiff to amend to demand a full accounting of all his partnership transactions with defendant. The Supreme Court affirmed on the ground that the proposed amendment went beyond the scope of the limited remand.

In Holcomb v. McClure, 217 Miss. 617, 64 So.2d 689 (1953) plaintiff sued for damages for deficiency in quantity of realty purchased from defendant. After judgment for plaintiff and appeal, the Supreme Court affirmed as to liability and remanded for a new trial on damages alone. After judgment on remand, defendant appealed, arguing that the previous affirmance of liability by the Supreme Court was erroneous. The Supreme Court rejected the argument and said:

Without further discussion of the cases, we will say that the rule in this State is that the law of the case as established on appeal will normally and ordinarily control on later trials and appeals of the

same case involving the same issues and facts. 64 So.2d at 691.

Also in *Holcouch v. McClure,* the defendant complained on appeal of the refusal by the trial court on remand to allow defendant on remand to amend his answer and to file a cross bill to allege mutual mistake and estoppel. The Supreme Court held:

> ... The facts which were the basis for the proposed amendment and cross-bill were before the chancellor on the first trial, and he so recognized in his opinion on the second trial when he stated: "all such matters grew out of the facts tried before this court on the former hearing. The defendants elected to defend the cause without raising this defense and they are now bound by such election." The chancellor applied the law of the case and refused to allow the amendments. He was correct in so doing, as appellants had no right to reopen the question of liability, after this Court had affirmed on liability and remanded the case for hearing on the issue of damages alone. Appellants could not indirectly accomplish this result by filing modified pleadings based on the original facts and circumstances which had been passed upon by the chancery court and by this Court.

In *Albuquerque Broadcasting Co. v. Bureau of Revenue,* 54 N.M. 133, 215 P.2d 819 (1950) the New Mexico Supreme Court held that, where the Supreme Court had remanded for determination of a particular amount, it was reversible error for the trial court to permit plaintiff to amend its complaint and try the entire case anew in contravention of the appellate opinion which was the law of the case.

To the same effect are *Consolidated Cut Stone Co v. Seidenbach,* 189 Okl. 128, 114 P.2d 480 (1941); *Enterprise Garnetting Co. v. Forcier,* 69 R.I. 455, 35 A.2d 1 (1943); and *Howell v. Walker,* 126 Ark. 197, 189 S.W.2d 1058 (1916).

The order of the Trial Court is affirmed. The cause is remanded for further proceedings consistent with the opinion and order of the Supreme Court. Costs of this appeal are taxed against the plaintiffs.

Affirmed and remanded.

LEWIS and CANTRELL, JJ., concur.