IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
May 20, 2003 Session

## ANTHONY JEROME STOKES v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Hamilton County**
**No. 211-043     Douglas A. Meyer, Judge**

---

**No. E2002-02597-CCA-R3-PC**
**July 7, 2003**

---

The petitioner, Anthony Jerome Stokes, appeals the trial court's denial of post-conviction relief. The petitioner argues (1) that he is entitled to a delayed application for permission to appeal to our supreme court based upon his post-conviction counsel's failure to either notify him of the results of his appeal or withdraw as counsel; and (2) that the trial court erroneously declined to rule on issues presented on remand from this court. Our opinion and judgment entered April 23, 1999, in Anthony Jerome Stokes v. State, No. 03C01-9710-CR-00477, are vacated and re-entered as of this date. Because all other issues are beyond the scope of our remand, the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3; Prior Judgment of this Court Vacated and Re-Entered; Judgment of the Trial Court Affirmed**

GARY R. WADE, P.J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., J., joined. THOMAS T. WOODALL, J., filed a concurring and dissenting opinion.

Julie Hall Baker, Columbus, Ohio, for the appellant, Anthony Jerome Stokes.

Paul G. Summers, Attorney General & Reporter; Angele M. Gregory, Assistant Attorney General; and Rodney C. Strong, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

On June 15, 1995, the petitioner entered pleas of guilt to first degree murder and second degree murder as a part of a plea agreement. At the same time, the state withdrew its request for the death penalty and voluntarily dismissed a charge of especially aggravated robbery. The trial court imposed a Range II, 35-year sentence for second degree murder. The petitioner received a life sentence for first degree murder to be served consecutively to the 35-year sentence. There was no direct appeal of the convictions or the sentences.

Later, the petitioner filed a petition for post-conviction relief, contending that the guilty pleas were neither knowingly nor voluntarily entered. He argued that he was taking medication at the time of the pleas, that he did not understand the nature of the guilty plea proceeding, and, among other things, that his trial counsel had unduly influenced him to enter guilty pleas as a means of avoiding the death penalty. The petitioner also argued that his initial arrest was unlawful and, in consequence, that certain of the evidence should have been suppressed. The trial court denied relief. This court affirmed. Anthony Jerome Stokes v. State, No. 03C01-9710-CR-00477 (Tenn. Crim. App., at Knoxville, Apr. 23, 1999).

After the entry of our opinion affirming the denial of post-conviction relief, counsel for the petitioner neither withdrew nor filed an application for permission to appeal. Three months later, the petitioner filed a pro se motion asking that he be appointed new counsel and requesting a copy of our opinion. Because the mandate had already been issued and the judgment was final, this court concluded that it was without jurisdiction to grant the relief requested. On August 24, 1999, our supreme court denied the petitioner's motion to file a delayed application for permission to appeal. One week later, the petitioner filed a motion in this court asking that our opinion be set aside and then re-entered so as to establish a new period within which the petitioner could apply for permission to appeal under Supreme Court Rule 11. That motion was denied on September 7, 1999.

The petitioner also filed a petition in the trial court styled "Petition for Enforcement of Agreement." On December 17, 1999, and on February 3, 2000, the petitioner filed amendments to the petition seeking a writ of error coram nobis and attempting to re-open the petition for post-conviction relief. Almost three months after the trial court denied the petitioner's request for a writ of error coram nobis and a re-opening of the post-conviction petition, the petitioner sought a delayed appeal of this court's opinion affirming the denial of his first petition for post-conviction relief. The petitioner's former counsel provided a letter acknowledging that the petitioner had not been provided with a copy of the opinion affirming the denial of his original petition. The trial court, absent any jurisdiction to grant the specific relief sought, dismissed the petition for the delayed appeal and the petitioner again appealed to this court. This court remanded the matter to the trial court with the following instructions:

> [F]or a determination of whether the petitioner's due process rights were violated by his post-conviction counsel's neither withdrawing nor filing an application for permission to appeal, certain facts must be established. Accordingly, we remand the matter to the post-conviction court for an evidentiary hearing to determine when and how the petitioner learned that no application for permission to appeal had been made as to this court's 1999 judgment affirming the dismissal of his first post-conviction petition; why counsel did not either withdraw or file an application for permission to appeal that judgment; and whether due process requires that the petitioner be given the opportunity to file an application for permission to appeal that judgment. With this addition to the record, and the findings of the post-conviction court, we can then determine whether this court should withdraw and then refile its 1999 opinion, so as to provide an opportunity for the petitioner to file an application

for permission to appeal to the supreme court. To facilitate this matter, we direct that counsel be appointed for the petitioner.

Anthony Jerome Stokes v. State, No. E2000-03232-CCA-R3-PC, slip op. at 5 (Tenn. Crim. App., at Knoxville, Oct. 15, 2001).

The trial court conducted an evidentiary hearing on September 16, 2002. The attorney who represented the petitioner in his initial post-conviction appeal acknowledged that she had not filed an application for permission to appeal and had not sought to withdraw under Tennessee Supreme Court Rule 14. While asserting that the petitioner had been informed of the denial of relief, she conceded that she had not mailed the petitioner a copy of the full opinion. Counsel candidly acknowledged that she was unaware of any obligation to file an application for permission to appeal or to withdraw. She explained that the petitioner had made it clear that he wanted another attorney to replace her and that he had asked this court to do so on several occasions. Counsel testified that she "assumed . . . that he was receiving copies of everything." In its order, the trial court concluded that the petitioner had been denied due process by the loss of any opportunity to obtain second tier review of the denial of his petition for post-conviction relief. It determined that the actions of initial post-conviction trial counsel had precluded the petitioner from filing an application for permission to appeal with our supreme court.

In this review after remand, the petitioner asks for the opportunity to file for an appeal under Rule 11 of the Tennessee Rules of Appellate Procedure. Further, the petitioner argues that he is entitled to present additional issues, insisting that he had a conflict of interest with his trial counsel who, he alleged, referred to him by racial epithet and unduly influenced his guilty pleas. He also asserts that the trial court should have considered the issue of whether his original plea agreement required concurrent rather than consecutive sentencing. In response, the state submits that due process considerations do not entitle the petitioner to a delayed Rule 11 application. It also contends that the trial court properly declined to rule on issues beyond the scope of the remand by this court.

I

In Burford v. State, 845 S.W.2d 204 (Tenn. 1992), our supreme court reviewed the application of the three-year statute of limitations in effect at that time as it applied to the petitioner's application for post-conviction relief. Our high court concluded that while the statute of limitations was in general compliance with constitutional due process, it would, in Burford's particular circumstances, deprive him of that right. Burford had been caught in a "procedural trap" because even though four of his prior convictions had been set aside, the statute of limitations barred a post-conviction petition attacking a robbery conviction which had resulted in a habitual offender life sentence.

Other cases have addressed the specific issue of the failure of appointed counsel to take any action after an adverse decision on appeal. In State v. Hopson, 589 S.W.2d 952, 954 (Tenn. Crim. App. 1979), this court vacated and then immediately reinstated its opinion so as to allow Hopson the opportunity to make application to appeal to our supreme court. In that instance, Hopson did not

know that his appointed counsel had failed to appeal until the time period for doing so had expired. Similarly, in State v. Brown, 653 S.W.2d 765, 767 (Tenn. Crim. App. 1983), this court concluded that Tennessee Supreme Court Rule 14 represented "the minimum requirements to assure a defendant's right to due process." Again, this court vacated and reinstated its opinion so as to allow for an application for permission to appeal. Although these cases related to the direct appeal of a conviction, this court has also determined that a petitioner may be entitled to relief when the post-conviction court did not provide a copy of its order of dismissal. See James Moore v. State, No. 02C01-9511-CC-00337 (Tenn. Crim. App., at Jackson, Mar. 19, 1999), perm. app. denied (Tenn. Oct. 4, 1999).

Finally, in Williams v. State, 44 S.W.3d 464 (Tenn. 2001), our supreme court acknowledged that the limitations periods under the 1995 Post-Conviction Procedure Act may be tolled by due process considerations. In Williams, the cause was remanded for an evidentiary hearing to determine the circumstances relating to the untimely filing.

By the use of these authorities, it is our view that the petitioner was, in fact, denied due process by his post-conviction counsel's failure to either properly withdraw under Supreme Court Rule 14 or to timely apply for permission to appeal under Supreme Court Rule 11. Because all of the circumstances suggest that the petitioner desired to make application for appeal but was neither timely notified of his counsel's inaction nor informed of this court's opinion, he was caught in a "procedural trap" and effectively denied his right to request review by our supreme court.

II

Next, the petitioner asserts that the trial court erred by refusing to consider the amendments filed after our remand to the trial court. The state contends that the additional issues presented were beyond the scope of the remand.

Our supreme court first recognized the power of a reviewing court to limit orders of remand in Perkins v. Brown, 132 Tenn. 294, 177 S.W. 1158 (1915). In that case, our high court affirmed the judgment in favor of the plaintiff, but remanded the matter to the trial court for a re-determination of damages. In doing so, it determined that judicial economy strongly supported adoption of a rule allowing reviewing courts to issue limited remand orders:

A statement of the rule in succinct terms is to be found in 2 R. C. L. 287, § 241:

"Probably from a desire to eliminate unnecessary litigation, and in the exercise of the discretion with which the appellate court is invested with respect to the granting of new trials, it is undoubtedly the present general rule, in remanding a cause for a new trial, either by a court or a jury, when error exists as to only one or more issues, and the judgment in other respects is free from error, to limit the new trial to the issues affected by the error. This rule permitting the

-4-

> appellate court to limit the issues has been held applicable in actions
> sounding in damages when the error affects only the assessment of
> damages, and the new trial has been limited to that question alone."
> *       *       *
> If it is to the interest of the state that there be an end to litigation, the courts should
> not be slow to adopt this rule that looks to the preventing of further contest on phases
> of litigation or issues already well settled, the saving to litigants the costs incident to
> the relitigation of such matters, and to the courts the time unnecessarily consumed
> therein.
>
> As has been noted above, the power is one to be exercised by the court of
> review in its sound discretion.

177 S.W. at 1160.

Much later, in Cook v. McCullough, 735 S.W.2d 464 (Tenn. Ct. App. 1987), our court of appeals recognized the power of the appellate courts to limit the scope of a remand. Similarly, in State v. Irick, 906 S.W.2d 440, 443 (Tenn. 1995), our supreme court, noting that the trial court properly refused to exceed the scope of the high court's remand, ruled that "'inferior courts must abide the orders, decrees and precedents of higher courts. . . . [Otherwise] [t]here would be no finality or stability in the law and the court system would be chaotic in its operation and unstable and inconsistent in its decisions.'" (quoting Barger v. Brock, 535 S.W.2d 337, 341 (Tenn.1976)). Most recently, in Weston v. State, 60 S.W.3d 57, 59 (Tenn. 2001), our high court ruled that the post-conviction court had exceeded its remand authority by permitting the petitioner to amend his petition to assert two additional claims of ineffective assistance of counsel:

> Neither a trial court nor an intermediate court has the authority to expand the
> directive or purpose of this . . . remand [which] . . . clearly limited the issue . . . to
> "whether the petitioner was denied a first-tier appeal of his original post-conviction
> petition as a result of inaction on the part of appointed counsel."

This case is no different. The petitioner could have asserted his claims at the initiation of the litigation. See Weston, 60 S.W.3d at 58 (additional claims relating to counsel's trial performance); Cook, 735 S.W.2d at 467-68 (additional claims relating to constitutionality of statutes governing delinquent taxpayer actions). The claims contained in the amendments in this case did not arise after the original post-conviction petition. Concepts of judicial economy and preservation of the law of the case preclude the expansion of a limited remand.

Accordingly, the opinion and judgment of this court filed April 23, 1999, are vacated and re-entered as of this date. Otherwise, the judgment of the trial court is affirmed.

_____
GARY R. WADE, PRESIDING JUDGE