FILED

11/25/2024

Clerk of the
Appellate Courts

IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
November 7, 2024 Session

**HOME SERVICE OIL COMPANY v. THOMAS BAKER**

**Appeal from the Chancery Court for Sumner County**
**No. 19CV-51 Louis W. Oliver, Chancellor**

———————————————————

**No. M2024-00162-COA-R3-CV**

———————————————————

A judgment creditor petitioned to enroll and enforce a Missouri judgment under the Uniform Enforcement of Foreign Judgments Act. In an earlier appeal, we determined that the trial court properly enrolled the foreign judgment, but we vacated the enforcement decision to determine the outstanding amount owed under the judgment. In this appeal, the judgment debtor faults the trial court for not considering his equitable estoppel defense on remand. Discerning no error, we affirm.

**Tenn. R. App. P. 3; Judgment of the Chancery Court Affirmed**

W. NEAL MCBRAYER, J., delivered the opinion of the court, in which THOMAS R. FRIERSON II and JEFFREY USMAN, JJ., joined.

Jacob T. Clabo, Nashville, Tennessee, for the appellant, Thomas Baker.

Edward A. Hadley, Brigham A. Dixson, and Jake B. Callaham, Nashville, Tennessee, for the appellee, Home Service Oil Company.

**OPINION**

**I.**

Over a decade ago, a Missouri court entered a judgment in favor of Home Service Oil Company and against Thomas Baker. The judgment was for "$13,412.86; plus pre-judgment interest at a rate of 18% per annum from November 25, 2008 through . . . [May 11, 2011]; plus post-judgment interest at a rate of 18% per annum; and $4,769.90 for attorneys fees and non-taxable collection costs."

In 2019, Home Service moved to enroll the Missouri judgment in the Chancery Court for Sumner County. *See* Tenn. Code Ann. § 26-6-104 (2017). The trial court enrolled the Missouri judgment but ordered Home Service to file a motion to establish the remaining balance. Home Service filed the motion and asked for permission to execute on the judgment. Mr. Baker challenged the amount of the judgment and argued that the doctrine of laches or equitable estoppel barred Home Service from collecting. *See Home Serv. Oil Co. v. Baker*, No. M2021-00586-COA-R3-CV, 2023 WL 2171514, at *1 (Tenn. Ct. App. Feb. 23, 2023).

After conducting an evidentiary hearing, "[t]he trial court ruled that the doctrine of laches did not apply, but equitable estoppel did." *Id.* at *2. On that basis, it found the outstanding balance of the judgment to be $1,367.56. *Id.*

In the previous appeal, "Home Service argue[d] that Mr. Baker failed to prove equitable estoppel." *Id.* (footnote omitted). We agreed. *Id.* at *3. But we declined to "remand with instructions to enforce the judgment in the amount established by [Home Service's] witness." *Id.* There were "questions concerning the proper interpretation of the Missouri judgment." *Id.* So "a new hearing [wa]s necessary to determine how interest should be calculated on the judgment and how payments should be applied to the judgment." We concluded our opinion in the following manner:

> The trial court properly enrolled the foreign judgment. But Mr. Baker failed to prove that equitable estoppel prohibited or limited enforcement of the judgment. We vacate the trial court's decision on enforceability and remand for a new hearing to determine the amount owed under the judgment.

*Id.* at *4.

On remand, the proper interpretation of our opinion's concluding paragraph became an issue. Mr. Baker asserted that he should again be permitted to raise equitable estoppel as a defense to payment of the judgment.[1] The trial court concluded "that the Tennessee Court of Appeals has ruled on those issues" and declined to further consider the defense. It went on to fix the amount of the judgment against Mr. Baker.

## II.

On appeal, Mr. Baker raises two issues for review, but as he conceded at oral argument, both issues revolve around whether the trial court erred in refusing to consider his equitable estoppel defense on remand. He contends that this Court made a general

---

[1] Mr. Baker also asserted the doctrine of laches, but the trial court found laches did not apply given Home Service's efforts to enforce its judgment over the years.

remand in the last appeal, and because we "did not expressly preclude Mr. Baker from asserting his equitable estoppel defense," the trial court should have considered additional proof that he desired to submit to establish the defense. Home Service counters that the remand was "for a limited and specific purpose: for a hearing to determine the amount owed under the judgment." It also asks that we deem this appeal frivolous and award attorney's fees incurred on appeal.

The law of the case doctrine "generally prohibits reconsideration of issues that have already been decided in a prior appeal of the same case." *Memphis Pub. Co. v. Tenn. Petroleum Underground Storage Tank Bd.*, 975 S.W.2d 303, 306 (Tenn. 1998) (citing 5 AM. JUR. 2d Appellate Review § 605 (1995)). Under the doctrine, "an appellate court's decision on an issue of law is binding in later trials and appeals of the same case if the facts on the second trial or appeal are substantially the same as the facts in the first trial or appeal." *Id.* So, "when an initial appeal results in a remand to the trial court, the decision of the appellate court establishes the law of the case which generally must be followed upon remand by the trial court." *Id.* (citing 1B James W. Moore, MOORE'S FEDERAL PRACTICE ¶ 0.404[1] (2d ed. 1995)). The principle that a trial court may not reconsider an issue decided on appeal is known as the "mandate rule."[2] 18B Charles Alan Wright & Arthur R. Miller, FED. PRAC. & PROC. JURIS. § 4478 (3d ed. 2014); 18 James Wm. Moore et al., MOORE'S FEDERAL PRACTICE - CIVIL § 134.23 (2024).

Mr. Baker argues that the mandate rule does not apply because we did not conclude equitable estoppel failed as a matter of law in the previous appeal. By vacating the trial court's decision on the enforceability of the enrolled judgment, he submits that we contemplated that the trial court would accept additional evidence on remand, including on the issue of equitable estoppel. Home Service argues that the decision was vacated only for the limited purpose of calculating interest accrual on the judgment.

A remand "may be made for a specific purpose, or it may be open and general." *Consumer Advoc. Div. ex rel. Tenn. Consumers v. Tenn. Regul. Auth.*, No. M1999-02151-COA-R12-CV, 2000 WL 13794, at *1 (Tenn. Ct. App. Jan. 10, 2000) (internal citations omitted). We conclude the remand from the prior appeal was made for a specific purpose.

---

[2] While the mandate rule binds the trial court, the law of the case doctrine is discretionary for the appellate court. *Memphis Pub. Co. v. Tenn. Petroleum Underground Storage Tank Bd.*, 975 S.W.2d 303, 306 (Tenn. 1998). An appellate court may reconsider an issue decided in a prior appeal under three limited circumstances:

> (1) the evidence offered at a trial or hearing after remand was substantially different from the evidence in the initial proceeding; (2) the prior ruling was clearly erroneous and would result in a manifest injustice if allowed to stand; or (3) the prior decision is contrary to a change in the controlling law which has occurred between the first and second appeal.

*Id.*

3

The specific purpose was "to determine how interest should be calculated on the judgment and how payments should be applied to the judgment." *Home Serv. Oil Co.*, 2023 WL 2171514, at *3. So the trial court was limited to that purpose and properly declined to accept further evidence on whether equitable estoppel barred enforcement of the judgment. *See Weston v. State*, 60 S.W.3d 57, 59 (Tenn. 2001) (holding that a trial court is only authorized to address the "clearly limited issue on remand"); *see also Cook v. McCullough*, 735 S.W.2d 464, 470 (Tenn. Ct. App. 1987) (holding a trial court lacks authority to expand the scope of a remand).

## III.

We affirm the judgment of the trial court. We decline to find the appeal frivolous. *See* Tenn. Code Ann. § 27-1-122 (2017). The case is remanded for any further necessary proceedings.


s/ W. Neal McBrayer
W. NEAL MCBRAYER, JUDGE