MARY GILL, Appellee-Cross Appellant, v. E. H. GODWIN, Individually, and d/b/a E. H. GODWIN & COMPANY, Appellant. —442 S.W.2d 661.

Western Section. September 18, 1967.

Certiorari Denied by Supreme Court March 18, 1968.

Graham Moore, Memphis, for appellant.

Frank B. Gianotti, Jr., E. Brady Bartusch, Memphis, for appellee.

CARNEY, J.  The defendant below, E. H. Godwin, has appealed from a decree of the Chancery Court of Shelby County awarding judgment, based upon a jury verdict, of $12,000 actual damages and $10,000 punitive damages, totaling $22,000 in favor of the complainant, Mary Gill. The complainant, an elderly colored woman with a fourth grade education, is employed as a domestic in Memphis, Tennessee. The defendant, E. H. Godwin, is in the business of buying and selling real estate and the lending of money on real estate and the buying and selling of notes secured by trusts on real estate in the City of Memphis.

Prior to becoming involved with the defendant God-win, Mary Gill owned an equity in a very valuable vacant lot located at the corner of Beale and Wellington Streets in Memphis, Tennessee. This was all of her property. She had no income except weekly wages. Defendant E. H. Godwin who sometimes does business under the name of the Loan Investment Company and also E. H. Godwin & Company has a net worth of approximately $450,000 and an annual income of approximately $40,000.

In an opinion of date September 3, 1965, this court found that the defendant, E. H. Godwin, had perpetrated a fraud upon the complainant, Mary Gill, by persuading her to enter into a contract for the erection of a building on her vacant lot at a total price of $45,000 when the said Godwin well knew that Mary Gill had no funds with which to pay monthly interest and principal payments on the first mortgage note of $45,000 except from the monthly rentals from the building; and that at the time of the contract the said Mary Gill had no renters under contract and no reasonable prospect for renters for said building; and defendant Godwin initiated the contract as a part of an immoral scheme to take her lot well knowing that she could not make the monthly payments. The building actually cost Godwin $28,500. He paid $3,000 to a confederate or "bird dog" to help him close the deal. In two other cases in this court the defendant Godwin has been found guilty of fraud under similar circumstances. See Kneeland v. Bruce, 1960, 47 Tenn.App. 136, 336 S.W.2d 319, and Woodard v. Bruce, 1960, 47 Tenn.App. 525, 339 S.W.2d 143.

By decree of date September 3, 1965, this court ordered the cause reversed and remanded to the lower court for a new trial for the jury or the court to de-

termine: (1) the value of the complainant Mary Gill's lot, less encumbrances, as of the date she entered into the contract with the defendant, E. H. Godwin, and the amount of actual damages she sustained as a result of the loss of said lot by foreclosure, and (2) the amount of punitive damages, if any, which the court or jury might find should be assessed against the defendant Godwin for his fraudulent conduct. Our opinion and decree were upheld and became final on March 7, 1966, when the Supreme Court denied Mr. Godwin's petition for certiorari.

On remand, the cause was tried to a jury in the Chancery Court. The only issues submitted to the jury were those described above and contained in the procedendo from this court. The evidence relating to the circumstances surrounding the execution of the contract between Mary Gill and E. H. Godwin was substantially the same as that contained in the first trial. The jury found the damages to the complainant Mary Gill for the loss of her lot by foreclosure at $12,000 and assessed punitive damages against the defendant Godwin for his fraudulent conduct at $10,000. His Honor the Chancellor allowed interest on the judgment only from the date of the judgment in the lower court after the second trial.

The appellant, E. H. Godwin, has made four assignments of error. Assignments of error I and II insist that it was erroneous for the Chancellor to submit issues No. 1 and 2 to the jury. Solicitor for appellant contends that there were no pleadings justifying the submission of such issues to the jury. This court determined that such order of remand was authorized by our decree of September 3, 1965, under the facts proven in the case and under the prayer for general relief contained in

the original bill. The appellant, E. H. Godwin, made or had opportunity to make insistence in his petition for certiorari to the Supreme Court that the pleadings did not justify such a decree. The Supreme Court denied the petition for certiorari and thereupon the order of remand provided for in our opinion of date September 3, 1965, became final and is the law of this case.

Rogers v. Murfreesboro Housing Authority, 51 Tenn. App. 163, 365 S.W.2d 441; Ernst v. Bennett, 38 Tenn. App. 271, 273 S.W.2d 492; Life & Casualty Insurance Co. v. Jett, 175 Tenn. 295, 133 S.W.2d 997.

■ Our decree of date September 3, 1965, was final and binding on the lower court and the litigants and the legality or correctness of such decree is not reviewable on this appeal. Assignments of error I and II are respectfully overruled.

Assignment of error No. III insists that it was error for the Chancellor to state to the jury as follows:

"The second issue in this case is: What are the punitive damages, if any, to which the complainant, Mary Gill, is entitled by reason of the fraudulent conduct of the defendant, E. H. Godwin, and if you find punitive damages in this case, that question likewise is to be answered in dollars and cents.

In connection with this latter issue, the Court charges you that punitive damages, or exemplary damages, sometimes called 'smart money,' are not awarded in every case, but in cases of fraud, malice, or oppression, such damages are allowed when a wrongful act is done with a bad motive, or in such disregard of social obligations, the law blends the interest of society and the wrong done the aggrieved individual and gives

such damages as will operate to deter the defendant and others from similar conduct.

In evaluating the amount of the damages, if any, you may consider the financial status of the defendant along with all the other proof in the case in arriving at your verdict. You and you alone have the right to award punitive damages and in determining the amount thereof."

██ Appellant insists that the Chancellor incorrectly told the jury, "Such damages are allowed * * *," when he should have used the words "may be allowed by the jury." The authority of the Chancery Court to award punitive damages in actions involving fraud is firmly established in the jurisprudence of Tennessee. Bryson v. Bramlett, 204 Tenn. 347, 321 S.W.2d 555; McDonald v. Stone, 45 Tenn.App. 172, 321 S.W.2d 845; and Kneeland v. Bruce, 47 Tenn.App. 145, 336 S.W.2d 319. No special requests were offered by the defendant and we see no error in His Honor the Chancellor's instructions to the jury. Assignment of error No. III is overruled.

Assignment of error No. IV insists that the award of $10,000 punitive damages is excessive and so grossly excessive as to indicate caprice, hostility, and unreasonable punishment under all the facts and circumstances. Solicitor for appellant states in his brief that he did not put the defendant Godwin on the stand in the second trial because he did not want him to be cross-examined about the other cases in which he had been found guilty of perpetrating fraud upon poor and inexperienced people.

██ In Kneeland v. Bruce, 47 Tenn.App. 145, 336 S.W.2d 319, this court upheld an award of $1,000 puni-

tive damages against the defendant Godwin for fraud. Apparently the award of punitive damages did not serve its purpose of deterring him from subsequent fraudulent practices. It is clear to this court that the defendant Godwin set out in the original instance to get Mary Gill's lot by foreclosure without paying her therefor and in our opinion the judgment for $10,000 punitive damages certainly is not excessive. Assignment of error No. IV is respectfully overruled.

■ Mary Gill has filed an assignment of error that His Honor the Chancellor should have allowed interest from the time the complainant's cause of action arose since the recovery stems from fraud, citing Dale v. Thomas H. Temple Co., 186 Tenn. 69, 208 S.W.2d 344, and Evans v. Boggs, 35 Tenn.App. 354, 245 S.W.2d 641. It is very true that Dale v. Thomas H. Temple Co., 186 Tenn. 69, 208 S.W.2d 344, 354, is clear authority for the allowance of interest from the date of the accrual of the cause of action where the judgment stems from fraud. However, we think the rule should not be applied in this case because no mention of interest was made in our remand of date September 3, 1965, and no mention of interest was made by solicitors for complainant when the case was submitted to the jury. The award of interest prior to the date of judgment is in the nature of a penalty and the jury could well have considered the matter of interest in arriving at the verdict of $10,000 punitive damages. Therefore, we hold that His Honor the Chancellor correctly allowed interest only from the date of judgment and assignment of error of Mary Gill is respectfully overruled.

Judgment will be entered in this court in the amount of $22,000 in favor of the complainant Mary Gill against

the defendant E. H. Godwin, together with interest from date November 23, 1966, the date of the decree below. All the costs in the cause are taxed against defendant E. H. Godwin.

Avery, P. J. (W.S.) and Bejach, J., concur.