IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
April 1, 2002 Session

## ESTATE OF NAN FRANCIS, PAT LIBBY, ADMINISTRATRIX
## v. KARL FRANCIS

### Appeal from the Chancery Court for Cheatham County
### No. 9193      Leonard W. Martin, Judge

### No. M2001-02707-COA-R3-CV - Filed August 28, 2002

In this second appeal in this matter, the estate seeks a re-determination of an issue decided previously by the trial court and by this court: distribution of proceeds from a certificate of deposit. Because our prior opinion is the law of the case on this issue, we affirm the trial court's dismissal of the estate's motion for post-appellate relief which sought to modify the prior rulings.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court
### Affirmed and Remanded

PATRICIA J. COTTRELL, J., delivered the opinion of the court, in which BEN H. CANTRELL, P.J., M.S., and WILLIAM C. KOCH, JR., J., joined.

Charles Galbreath, Nashville, Tennessee, for the appellant, Estate of Nan Francis, Pat Libby Administratrix.

Robert L. Perry, Jr., Ashland City, Tennessee, for the appellee, Karl Francis.

### OPINION

This is the second time this case has been before this court. Our opinion filed June 18, 2001, contains the background relevant to this appeal:

This appeal involves a dispute between a widow and her stepson regarding the disposition of a jointly owned certificate of deposit. After her stepson liquidated the certificate of deposit and used the proceeds to obtain another certificate of deposit in his own name, the widow filed suit in the Chancery Court for Cheatham County seeking her share of the funds. The stepson filed a counterclaim, alleging that the widow had contributed to his father's death by failing to provide needed medical care and seeking reimbursement for his father's funeral expenses. The widow died while the suit was pending, and her estate was substituted as a party. After dismissing the

stepson's wrongful death claim, the trial court determined that the widow's estate and her stepson should receive equal shares of the proceeds of the account remaining after the payment of a joint debt of the widow's husband and her stepson and that the widow's estate should reimburse the stepson for the expenses he incurred in connection with his father's funeral. On this appeal, the widow's estate asserts that the trial court erred by ordering that the funds in the account be used to repay the joint debt and by ordering it to reimburse the stepson for his father's funeral expenses. We have determined that the trial court properly distributed the proceeds of the deposit account. However, we have also determined that the trial court erred by directing the widow's estate to reimburse the stepson for his father's funeral expenses.

The appeal now before us involves the proceeds of the certificate of deposit account dealt with in the prior opinion. The facts relevant to ownership of those proceeds are also set out in that opinion, as follows:

> On February 9, 1987, Joseph G. Francis used $100,000 of his own funds to obtain a certificate of deposit from the Cheatham State Bank. In addition to listing himself as the certificate's owner, Mr. Francis directed the bank to list his son, Karl Francis, as a joint owner with a right of survivorship. Shortly thereafter, Mr. Francis used the certificate of deposit as security for a series of loans made to his son.[1] In August 1994, Mr. Francis added his wife, Nan Francis, as a joint owner of the certificate of deposit with a right of survivorship. Mr. Francis periodically renewed the certificate of deposit, and the bank continued to hold it as security until Mr. Francis's death on January 2, 1997. Neither Ms. Francis nor Karl Francis ever contributed funds to this certificate of deposit.

> Four days after Mr. Francis's death, Karl Francis liquidated the certificate of deposit and used the proceeds to purchase a certificate of deposit in his own name. He conceded later that he took these steps solely to prevent Ms. Francis from obtaining any of these funds. The bank continued to hold the new certificate of deposit as security for the outstanding loans.

*Estate of Nan Francis v. Francis*, No. M2000-01110-COA-R3-CV, 2001 Tenn. App. LEXIS 434, at *1-*4 (Tenn. Ct. App. June 18, 2001) (some footnotes omitted).

The trial court found that the disputed funds had been "Joe Francis' money" and that neither his widow, Nan Francis, nor his son, Karl Francis, had made any contribution to the Certificate of

---

[1]The nature and purpose of these loans is somewhat unclear. Even though the loan documents were signed only by Karl Francis, the bank apparently considered the loans to be the joint obligations of Mr. Francis and Karl Francis. The trial court found as fact that the certificate of deposit "was pledged to the issuing bank to secure a loan of Joseph Francis and Defendant at the bank."

Deposit. The trial court asked the parties to brief the issue of the disposition of the net proceeds of the $100,000 Certificate of Deposit after payment of the loan which the deposit account secured. After review of the briefs, the trial court filed its opinion concluding that the disputed funds should be used to repay the bank loan and that the net proceeds should be divided equally between Karl Francis and the estate of Nan Francis. The estate filed a Motion to Alter or Amend, requesting in relevant part that only one-half of the outstanding loan balance be deducted from the proceeds of the certificate of deposit. The estate also moved for Tenn. R. Civ. P. 11 sanctions against Karl Francis alleging he had misled the court regarding the nature of the loans secured by the certificate of deposit. The trial court denied both motions.

On appeal, this court first considered the estate's argument that the trial court erred by deciding that the debt to the bank should be deducted from the proceeds of the certificate of deposit before the net proceeds were divided between the parties. "Instead, the estate argues that the bank should look only to Karl Francis for payment of the debt." Finding that this argument was essentially an argument that the evidence preponderated against the trial court's finding that the debt in question was a joint debt of the father and son, this court held that the evidence did not so preponderate and, in fact, supported the trial court's findings. Thus, we clearly held that the estate was entitled to only one-half the net proceeds of the certificate of deposit, after deduction of the loan balance.

After entry of our opinion, the estate filed a Motion for Post Appellate Relief,[2] stating that "it appears it will be necessary for the Court to be notified as to the amount owed jointly by Nan Francis and Karl Francis" on the date of decedent's death. Consequently, the motion requested that the trial court enter an order that the Cheatham State Bank (who held the original certificate of deposit) provide factual information to show the amount of debt that the original certificate of deposit was collateral for at the date of Mr. Joe Francis' death, unless the parties could agree on an amount that Karl Francis owed to the estate. As support for this motion, the estate urged that Karl Francis must have gotten a record of payment, but had not, to date, provided it to the court. The motion also asked that Karl Francis be debited, and the estate credited, the penalty that was incurred as a result of Karl Francis' early withdraw of the certificate of deposit. Finally, the motion requested that half of the interest, fixed by the terms of the certificate of deposit, that was earned by Karl Francis up to the date of the final order be credited to the estate.

A few weeks later, the estate filed a Motion to Compel Defendant to Obey the Court's Order to Obtain an Accounting. In that motion, the estate moved the court to compel Mr. Karl Francis to go to the bank and obtain an accounting as decreed "in the final order."

---

[2]This title is not one recognized in the Tennessee Rules of Civil Procedure or the Tennessee Rules of Appellate Procedure. To the extent the motion asked the court to enter an order on issues left open after remand, such as the exact amount of money remaining after payment of the bank debt, the purpose of the motion is clear. However, to the extent the post-appellate relief sought was, in fact, relief from a final judgment of this court, Tenn. R. Civ. P. would provide the appropriate procedural vehicle. Regardless of the title used, the movant would be required to demonstrate that one of the grounds for such relief existed. No such proof was presented in this case.

Karl Francis filed a response to the Motion for Post Appellate Relief. In that response he stated that sixty (60) days passed since the entry of the appellate court's final order. Therefore he had closed the $100,000 certificate of deposit account, paid the loan that the court determined was a joint loan in the amount of $46,737.61, and obtained two checks which split the remaining proceeds, one payable to the estate for $26,631.19 and one payable to him in the amount of $26,631.20. The bank's accounting of that transaction was attached to that motion.

A hearing on the matter was held. The estate argued that Karl Francis was ordered to obtain an accounting from the bank to prove his claim that the money from the certificate of deposit was used to pay a debt that was owed by him and the estate or the deceased and that he had never done that. The trial judge stated "this court ruled that the debt was a joint debt, I believe, and there was a certificate of deposit that was security for it, and that the bank needed to be repaid and the balance left after the repayment would be divided . . . ." The estate argued that Karl Francis perpetrated a fraud upon the court and took money from the certificate of deposit to pay off a debt that was not a joint debt with his father. The only witness was Ms. Amy Henderson, who worked for the bank for seven (7) years, who explained that the bank deducted the amount of the debt from the certificate of deposit and distributed the remainder equally. The court found that proof had been taken in the original trial on the question of whether the loans were a joint debt and that distribution of the proceeds of the certificate of deposit had already been decided: "take the certificate of deposit, pay off the debt, and whatever's left, divide fifty-fifty."

When counsel for Ms. Francis attempted to raise the issue of apportionment of interest, the court ruled that "this is something that could have been litigated, it could have been developed and wasn't, and because of the fact that it wasn't it has been waived."[3] The court overruled the estate's motion, and the estate appeals the final order overruling the Motion for Post Appellate Relief.

On appeal, the estate argues that it should not be liable for any portion of the loan and that the $100,000 from the certificate of deposit should be evenly divided between it and Karl Francis, with no deduction from its share of the certificate's proceeds. This position is based on various arguments. The problem with these arguments is that the issue of the distribution of the proceeds of the certificate of deposit had already been determined. This court's remand for further necessary proceedings was not an invitation to re-litigate what was one of the primary issues in the trial and the first appeal. A re-determination of that issue is precluded because this court's decision has become the law of the case.

This court's prior determination affirming the trial court's decision on the issues involved in the distribution of the certificate of deposit was a final adjudication of that issue. Permission to appeal to the Supreme Court was not sought, and rehearing in this court was not sought. Once the appellate court's mandate reinvests the trial court's jurisdiction over a case, the case stands in the

---

[3]The estate makes no real argument on appeal regarding the interest issue, although it requests apportionment of the interest as part of the relief sought herein. We agree with the trial court that the issue should have been raised in the prior proceeding.

same posture it did before the appeal except that the appellate court's decision becomes the law of the case. *Gill v. Goodwin*, 59 Tenn. App. 582, 586, 442 S.W.2d 661, 662 (1967). Whatever "post-appellate" relief might have been available did not include a reversal of this court's decision. *Bloodworth v. Stuart*, 221 Tenn. 567, 571, 428 S.W.2d 786, 789 (1968) (holding that there is no authority for a trial court to overrule or modify an appellate court's decision).

The "law of the case" doctrine generally prohibits reconsideration of issues that have already been decided in a prior appeal of the same case. *Memphis Publ'g Co. v. Tenn. Petroleum Underground Storage Tank Bd.*, 975 S.W.2d 303, 306 (Tenn. 1998). The doctrine

> . . . is based on the common sense recognition that issues previously litigated and decided by a court of competent jurisdiction ordinarily need not be revisited. This rule promotes the finality and efficiency of the judicial process, avoids indefinite relitigation of the same issue, fosters consistent results in the same litigation, and assures the obedience of lower courts to the decisions of appellate courts.

*Id*. (Citations omitted).

When this court's mandate issued, our opinion of June 18, 2001, became the law of the case, foreclosing any reconsideration of the issues addressed and decided therein explicitly and by implication. *Ladd v. Honda Motor Co., Ltd.*, 939 S.W.2d 83, 90 (Tenn. Ct. App. 1996).

We affirm the judgment of the trial court. Costs are taxed to the appellant, the Estate of Nan Francis.

_____
PATRICIA J. COTTRELL, JUDGE