IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs January 2, 2020

IN RE THE ESTATE OF JESSE L. MCCANTS, SR.

Appeal from the Chancery Court for Hamilton County
No. 13-P-610          Jeffrey M. Atherton, Chancellor

————————————————————

No. E2019-01159-COA-R3-CV

————————————————————

This is the second appeal arising from probate proceedings involving the estate of Jesse McCants, Sr. The first appeal concerned the accuracy of the personal representative's final accounting. The trial court determined that some expenses identified by the personal representative should not be allowed. This Court affirmed in part, reversed in part, and remanded "for the entry of a modified order consistent with this Opinion and for such further proceedings as may be necessary and consistent with our direction herein." The primary issue in this appeal is whether the trial court properly followed our instructions on remand. We conclude that the trial court did so; therefore, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court
Affirmed; Case Remanded**

CHARLES D. SUSANO, JR., J., delivered the opinion of the court, in which FRANK D. CLEMENT, JR., P.J., M.S., and ARNOLD B. GOLDIN, J., joined.

Samuel J. Gowin, Chattanooga, Tennessee, for the appellant, Janella L. McCants.

Jesse L. McCants, Jr., Jacinta (McGavock) Anderson, and Jerel L. McCants, appellees.[1]

**OPINION**

**I.**

On August 13, 2013, Jesse McCants, Sr. (decedent) passed away. Decedent's will provided for the distribution of his property to his wife and four children. Decedent's wife predeceased him, so the children were the only surviving beneficiaries. Janella McCants, one of decedent's daughters, was appointed to be the personal representative of the estate.

_____

[1] Appellees did not file a brief in this appeal.

In September 2014, Ms. McCants filed a final accounting, which identified various expenses associated with the estate's checking account. It proposed to distribute the remainder of the estate's funds to the beneficiaries. Decedent's other children excepted to the final accounting. One of their concerns was that Ms. McCants sought a credit for expenses related to the maintenance of a residence on Cordelia Lane (the Cordelia Lane residence), where Ms. McCants resided following decedent's death. At the time of decedent's death, the Cordelia Lane residence was titled in the name of McCants Development Company, Inc. Decedent was the sole shareholder. In March 2014, the corporation transferred the Cordelia Lane residence to the estate. In April 2014, the estate transferred the property to decedent's children by an executor's deed.

The trial court referred the matter to the clerk and master. According to the clerk and master's July 2017 report, more than $14,000 of expenses identified in the final accounting should not be allowed. Many of those expenses related to the maintenance of the Cordelia Lane residence.

After a hearing, the trial court reduced the amount of disallowed expenses to $6,527.55. Relying on Tenn. Code Ann. § 30-2-323, the court ruled that $6,087 in expenses relating to the maintenance of the Cordelia Lane residence should be disallowed because they were incurred more than four months after the death of decedent.[2] The court also ruled that a few other expenses should be disallowed. Ms. McCants appealed the trial court's ruling that expenses relating to the maintenance of the Cordelia Lane residence should be disallowed.

This Court affirmed in part and reversed in part. *In re Estate of McCants*, No. E2017-02327-COA-R3-CV, 2018 WL 3217697 (Tenn. Ct. App., filed July 2, 2018). First, we determined that the trial court erred by disallowing some of the expenses associated with the Cordelia Lane residence. *Id.* at *5. We held that "Ms. McCants acted properly to preserve and maintain the residence *while it was owned by the estate* until

---

[2] Tenn. Code Ann. § 30-2-323 provides:

> Unless contrary to the decedent's will, the personal representative of the estate is authorized, but not required, to advance or to pay as an expense of administration for a period of up to four (4) months after the decedent's death the reasonable costs of routine upkeep of any real property passing under the will of the decedent or by intestate succession. These authorized expenditures, which may be made in the personal representative's discretion, shall include those for utility services, day-to-day maintenance, lawn service, and insurance premiums but shall not include mortgage note payments, real estate taxes, major repairs or other extraordinary expenses. None of the foregoing limitations shall apply to any real property that is actually part of the probate estate being administered.

title was later transferred to the children beneficiaries." ***Id.*** (emphasis in original). We explained that the four-month period identified in Tenn. Code Ann. § 30-2-323 was inapplicable because the real property at issue was "part of the probate estate being administered." *See* Tenn. Code Ann. § 30-2-323 ("None of the foregoing limitations shall apply to any real property that is actually part of the probate estate being administered.").

We also stated the following:

> Notwithstanding our conclusion with respect to this issue and the trial court's misapplication of the four-month period in Tennessee Code Annotated section 30-2-323, many of the expenses disallowed by the trial court should not ultimately be disturbed. Although Ms. McCants certainly had the authority to preserve the Cordelia Lane residence with funds of the estate during the period of time that it was titled in the name of the estate, it should be noted that many of the expenses at issue were incurred when the residence was owned by McCants Development Company, Inc. Indeed, while the decedent's *interest* in that corporation was certainly a part of the estate, the Cordelia Lane residence was, for a period of time following the Decedent's death, owned by the corporation itself and not the estate. We would not dispute that Ms. McCants was permitted during this time to act as any other shareholder with respect to the decedent's shares in McCants Development Company, Inc., including voting, selling, or buying shares, *see* 2 Jack W. Robinson, Sr., et al., *Pritchard on the Law of Wills and Administration of Estates* § 631 (6th ed. 2007), but this right to exercise shareholder rights did not, in our view, allow Ms. McCants to access the estate's assets in relation to the corporation's assets. For this reason, we find no error in the trial court's disallowance of the expenses that Ms. McCants incurred while the residence was not an asset of the estate.

***Id.*** at *6. Our "conclusion" paragraph summarized our decision and included the following remand instructions:

> In light of the foregoing discussion, we conclude that the trial court's order should be reversed in part, affirmed in part, and modified consistent with our discussion herein. The expenses for the Cordelia Lane residence that were incurred during the period that the residence was titled in the name of the estate

- 3 -

were reasonably paid out of the estate account. Although the disallowance of these expenses was in error, we take no issue with the rest of the expenses disallowed by the trial court. The case is remanded to the trial court for the entry of a modified order consistent with this Opinion and for such further proceedings as may be necessary and consistent with our direction herein.

*Id.*

On remand, the trial court referred the case to the clerk and master. In her May 6, 2019 report, the clerk and master found that $17,662.30 of expenses were allowable, including $585.78 of expenses associated with the Cordelia Lane residence *while the property was an asset of the estate*. On the other hand, the clerk and master determined that $11,234.42 of expenses should be disallowed, including $10,747.29 of expenses associated with the Cordelia Lane residence *before the property became an asset of the estate*. Although the $10,747.29 of expenses associated with the Cordelia Lane residence were allowed under the trial court's previous order, the clerk and master concluded that the Court of Appeals' opinion dictated the opposite result.

Ms. McCants filed an objection to the clerk and master's May 6, 2019 report. According to Ms. McCants, the trial court's only duty on remand was to enter a modified order that allowed the $585.78 of expenses spent on the Cordelia Lane residence while the property was an asset of the estate. Ms. McCants argued that "[t]here is no instruction [in the Court of Appeals' opinion] to go back thru the accounting to find other expenses that can be redetermined [sic] to be unapproved."

After a hearing, the trial court entered an order confirming the clerk and master's May 6, 2019 report. The court stated, in relevant part:

> Upon review of the Court of Appeals opinion, the Court agrees with the findings and recommendations in the Master's Report. The Court of Appeals specifically stated that Ms. McCants' rights as shareholder did <u>not</u> allow her to use Estate assets for the corporation, namely, the Property. Ms. McCants could only use Estate funds to maintain Estate property. As the Property was only Estate property from March 26, 2014, through April 14, 2014, the Estate funds can only recover the Property for this twenty-day period. The Court finds the Master's Report properly found a total of $11,234.42 in unapproved expenses.

(Emphasis in original.)

- 4 -

The court also rejected Ms. McCants' alternative argument that "the total unapproved amount should be assessed against the beneficiaries equally and not Ms. McCants individually." The court explained:

> Pursuant to T.C.A. § 30-2-612, this Court "may compel the personal representative to pay into the office of the clerk the balance found against the personal representative . . ." In affirming the recommendation in the Master's Report that there is a total of $11,234.42 in unapproved expenses, the Court has the power to assess this total against Ms. McCants as the personal representative. The Court finds that Ms. McCants improperly spent Estate funds on property that was not in the Estate. As such, those Estate funds must be brought back into the Estate account before distributions to the beneficiaries. This ruling, however, does not impact Ms. McCants' ability to address these expenses in the pending litigation in Hamilton County Chancery Court Part 1, as the other litigation is not the subject of this Order.

Following the entry of this order, Ms. McCants timely filed a notice of appeal.

## II.

Ms. McCants raises two issues for our review, which we have slightly restated:

> Whether the trial court exceeded the scope of its authority on remand by disallowing expenses associated with the Cordelia Lane residence that were previously allowed.

> If the trial court did not exceed the scope of its authority on remand, did the court err by ordering Ms. McCants to pay the entire cost of disallowed expenses associated with the Cordelia Lane residence?

## III.

"The construction of a mandate issued by an appellate court presents a question of law." 5 Am. Jur. 2d Appellate Review § 685 (February 2020 Update) (footnote omitted); *cf.* **In re Fisk Univ.**, 392 S.W.3d 582, 588-89 (Tenn. Ct. App. 2011). We review questions of law de novo without affording a presumption of correctness to the conclusions of the trial court. **Brooks v. Bd. of Prof'l Responsibility**, 578 S.W.3d 421, 424 (Tenn. 2019) (citations omitted).

- 5 -

**IV.**

**A.**

The first issue is whether the trial court exceeded the scope of its authority on remand by disallowing expenses associated with the Cordelia Lane residence that were previously allowed. The scope of a trial court's authority on remand is well-established:

> After a case has been appealed, a trial court does not reacquire jurisdiction over the case until it receives a mandate from the appellate court.[3] Once the mandate reinvests the trial court's jurisdiction over a case, the case stands in the same posture it did before the appeal except insofar as the trial court's judgment has been changed or modified by the appellate court. **Raht v. Southern Ry.**, 215 Tenn. 485, 497, 387 S.W.2d 781, 786 (1965). The appellate court's opinion becomes the law of the case, **Gill v. Godwin**, 59 Tenn. App. 582, 786, 442 S.W.2d 661, 662-63 (1967), foreclosing and excluding any complaint, constitutional or otherwise, as to the issues addressed and decided in the appellate court's opinion. **Cook v. McCullough**, 735 S.W.2d 464, 469 (Tenn. Ct. App. 1987). Thus, the trial court does not have the authority to modify or revise the appellate court's opinion, **McDade v. McDade**, 487 S.W.2d 659, 663 (Tenn. Ct. App. 1972), or to expand the proceedings beyond the remand order. **Cook v. McCullough**, 735 S.W.2d at 470. The trial court's sole responsibility is to carefully comply with directions in the appellate court's opinion. **Raht v. Southern Ry.**, 215 Tenn. at 497-98, 387 S.W.2d at 786-87.

**Earls v. Earls**, No. M1999-00035-COA-R3-CV, 2001 WL 504905, at *3 (Tenn. Ct. App., filed May 14, 2001).

In her brief, Ms. McCants argues that the trial court exceeded the scope of its authority on remand because this Court did not remand for "a complete review of the accounting, only for a consideration of the expenses disallowed while the real property was titled to the Estate." To support this interpretation of our remand instructions, Ms. McCants emphasizes the following language in our previous opinion:

---

[3] According to Tenn. R. App. P. 42(a), a mandate consists of certified copies of the appellate court's judgment, any order as to costs or instructions as to interest, and the appellate court's opinion.

> The expenses for the Cordelia Lane residence that were incurred during the period that the residence was titled in the name of the estate were reasonably paid out of the estate account. Although the disallowance of these expenses was in error, <u>we take no issue with the rest of the expenses</u> disallowed by the trial court. The case is remanded to the trial court for the entry of a modified order consistent with this Opinion and for such further proceedings as may be necessary and consistent with our direction herein.

(Emphasis added by appellant.)

We respectfully disagree with Ms. McCants' narrow characterization of our remand instructions. Focusing on the underlined portion of the above-quoted text is misleading. The very next word of that sentence makes all the difference: "we take no issue with the rest of the expenses *disallowed* by the trial court." (Emphasis added). Notice, we did *not* say that "we take no issue with the rest of the expenses *allowed* by the trial court." On the contrary, our opinion makes clear that expenses associated with the Cordelia Lane property before the property became an asset of the estate should not have been allowed.

The trial court was well within its authority to consider our entire opinion when entering a modified order on remand:

> To interpret and enforce a mandate, a trial court should refer not only to the mandate itself, but also to the opinion of the appellate court. The appellate court's mandate is not to be read and applied in a vacuum; the appellate court's opinion is part of the mandate and must be used in interpreting the mandate, particularly if a mandate from the appellate court is unclear on remand, or if specific directions are not given by a reviewing court to the trial court on remand. In this way, the court may examine the rationale of an appellate opinion in order to discern the meaning of language in the court's mandate.

5 Am. Jur. 2d Appellate Review § 685 (footnotes omitted).

Ms. McCants is correct that "[w]here the appellate court's mandate contains express instructions that direct the trial court to take a specified action, the trial court has no authority to deviate from those instructions." 5 Am. Jur. 2d Appellate Review § 687; *see also* **Earls**, 2001 WL 504905, at *3. However, "[a] remand may take one of several forms. It may dictate the course of further proceedings, it may be made for a specific

- 7 -

purpose, or it may be open and general." ***Consumer Advocate Div. ex rel. Tenn. Consumers v. Tenn. Reg. Auth.***, No. M199902151COAR12CV, 2000 WL 13794, at \*1 (Tenn. Ct. App., filed Jan. 10, 2000) (internal citations omitted).

> Where the remanding court does not give specific instructions, the trial court on remand is required to examine the appellate court's decision and determine what further proceedings would be proper and consistent with the opinion. Thus, a court on remand may be required to take actions not specified in the mandate, but which are necessary to effectuate the appellate court's decision.

5 Am. Jur. 2d Appellate Review § 688 (footnote omitted). This is especially true when an appellate court remands "for further proceedings consistent with this opinion." *See id.* at § 699 (noting that, in such cases, "the scope of a remand order must be determined by reference to the analysis contained in the appellate court's opinion.").

In the mandate of our previous opinion, we remanded the case "for the entry of a modified order *consistent with this Opinion* and *for such further proceedings as may be necessary and consistent with our direction herein*." (Emphasis added.) The trial court was well within its authority to consider our entire opinion when entering a modified order on remand.

**B.**

Like the trial court, we also reject Ms. McCants' alternative argument that all of the beneficiaries should equally share the cost of the disallowed expenses. The trial court properly noted that it has the authority to "compel the personal representative to pay into the office of the clerk the balance found against the personal representative[.]" Tenn. Code Ann. § 30-6-612. The only issue is whether Ms. McCants, as the personal representative, is entitled to a credit for the expenses in dispute. Although this issue was resolved by our previous opinion, Ms. McCants continues to argue that she should not be solely responsible for the disallowed expenses because she acted in good faith. Importantly, however, personal representatives are only "entitled . . . to payment from the estate for reasonable expenses incurred in good faith *for the exclusive and necessary benefit of the estate*." ***In re Estate of Wallace***, 829 S.W.2d 696, 700-01 (Tenn. Ct. App. 1992) (emphasis added). Although Ms. McCants may have acted in good faith by maintaining the Cordelia Lane residence with estate funds, her actions were not "for the exclusive and necessary benefit of the estate" when the property was owned by McCants Development Company, Inc.

## V.

The judgment of the trial court is affirmed. The case is remanded for enforcement of the trial court's judgment. Costs on appeal are taxed against the appellant, Janella L. McCants.

 

 

_____
CHARLES D. SUSANO, JR., JUDGE
