IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
February 4, 2020 Session

## GEORGE GRANT ET AL. v. ELAINE ANDERSON, CLERK OF WILLIAMSON COUNTY ET AL.

**Appeal from the Chancery Court for Williamson County**
**No. 44859     Joseph A. Woodruff, Chancellor**

_____

### No. M2019-01099-COA-R3-CV

_____

This case is before us for the second time.  In the first appeal, we affirmed the dismissal of the case after determining that the plaintiffs lacked standing.  After the mandate issued, the plaintiffs moved for relief from the judgment under Rule 60.02 of the Tennessee Rules of Civil Procedure.  The trial court denied the motion.  In this second appeal, the plaintiffs claim the trial court abused its discretion in denying their requested relief.  We affirm.  We also conclude the appeal is frivolous and remand for an assessment of damages.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed and Case Remanded**

W. NEAL MCBRAYER, J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR., P.J., M.S., and THOMAS R. FRIERSON II, J., joined.

David E. Fowler, Franklin, Tennessee, for the appellants, George Grant, Lyndon Allen, Tim McCorkle, Larry Tomczak, and Deborah Deaver.

Lisa M. Carson and Lee Ann Thompson, Franklin, Tennessee, for the appellee, Elaine Anderson, County Court Clerk of Williamson County, Tennessee.

Matthew Sexton, Morristown, Tennessee, for the Amicus Curiae, Tennessee Independent Baptist for Religious Liberty.

## OPINION

### I.

In the first appeal, we identified the parties and described the relief sought:

[P]laintiffs George Grant, Larry Tomczak, Lyndon Allen, Tim McCorkle, and Deborah Deaver filed a complaint for declaratory judgment in the Chancery Court for Williamson County. Two months later, the plaintiffs amended their complaint. The amended complaint for declaratory judgment identified plaintiffs Grant and Allen as "ministers . . . having the care of souls" and, as such, authorized by state law to "solemnize the rite of matrimony." *See* Tenn. Code Ann. § 36-3-301(a)(1) (2017). The complaint identified plaintiffs Tomczak, McCorkle, and Deaver as "residents and taxpayers of Williamson County, Tennessee . . . [who were] registered to vote in Tennessee," although Mr. Tomczak was also described as a minister.

In an introductory paragraph, the plaintiffs concisely stated the declaratory relief requested. The plaintiffs sought "a declaration that those provisions of the Tennessee law relative to the licensing of marriages are no longer valid and enforceable" since the United States Supreme Court's decision in *Obergefell v. Hodges*, 135 S. Ct. 2584 (2015). The plaintiffs also sought a declaration that "the continued issuance of marriage licenses" following the *Obergefell* decision violates their rights under the Tennessee Constitution. The complaint named as defendants Elaine Anderson, County Clerk for Williamson County, and Attorney General and Reporter Herbert H. Slatery III.

*Grant v. Anderson*, No. M2016-01867-COA-R3-CV, 2018 WL 2324359, at *1 (Tenn. Ct. App. May 22), *perm. app. denied*, (Oct. 10, 2018) [hereinafter "*Grant I*"]. On a Tennessee Rule of Civil Procedure 12.02 motion to dismiss, the chancery court dismissed the case. *Id.* at *2-3. We affirmed the dismissal, concluding that the plaintiffs lacked standing. *Id.* at *10.

The plaintiffs sought rehearing, which we denied. *See* Tenn. R. App. P. 39. They also sought permission to appeal to the Tennessee Supreme Court, which the supreme court denied. *See id.* 11.

Undeterred, the plaintiffs returned to the trial court seeking relief under Tennessee Rule of Civil Procedure 60.02. The plaintiffs contended that our prior judgment and opinion and that of the trial court in *Grant I* were void. *See* Tenn. R. Civ. P. 60.02(3).

2

They contended that it was no longer equitable that our prior judgment and opinion and that of the trial court in *Grant I* be given prospective application. *See id.* 60.02(4). Finally, they contended relief from our prior judgment and opinion and that of the trial court in *Grant I* was appropriate under Tennessee Rule of Civil Procedure 60.02(5), which authorizes relief for "any other reason justifying relief from the operation of the judgment."

The trial court denied the plaintiffs' motion. Perhaps not surprisingly, the plaintiffs have appealed that decision.

## II.

We review a trial court's ruling on a Rule 60.02 motion to set aside a final judgment under the abuse of discretion standard. *Discover Bank v. Morgan*, 363 S.W.3d 479, 487 (Tenn. 2012). We consider whether "the trial court applied incorrect legal standards, reached an illogical conclusion, based its decision on a clearly erroneous assessment of the evidence, or employed reasoning that caused an injustice to the complaining party." *Id.* (quoting *State v. Jordan*, 325 S.W.3d 1, 39 (Tenn. 2010)). This is not an opportunity for the appellate court to substitute its judgment for the judgment of the trial court. *Eldridge v. Eldridge*, 42 S.W.3d 82, 85 (Tenn. 2001). The "trial court's ruling 'will be upheld as long as reasonable minds can disagree as to the propriety of the decision.'" *Id.* (quoting *State v. Scott*, 33 S.W.3d 746, 752 (Tenn. 2000)).

Relief under Rule 60.02 is "an exceptional remedy." *Nails v. Aetna Ins. Co.*, 834 S.W.2d 289, 294 (Tenn. 1992). The rule is intended "to alleviate the effect of an oppressive or onerous final judgment." *Spence v. Helton*, No. M2005-02527-COA-R3-CV, 2007 WL 1202407, at *3 (Tenn. Ct. App. Apr. 23, 2007). It "acts as an escape valve from possible inequity that might otherwise arise from the unrelenting imposition of the principal of finality imbedded in our procedural rules." *Thompson v. Firemen's Fund Ins. Co.*, 798 S.W.2d 235, 238 (Tenn. 1990). So "a party seeking relief from a judgment under Rule 60.02 bears the burden of proving that it is entitled to relief by clear and convincing evidence." *Henderson v. SAIA, Inc.*, 318 S.W.3d 328, 336 (Tenn. 2010).

### A.

The plaintiffs raise three issues on appeal:

ISSUE 1: The Trial Court abused its discretion in denying a Motion under Tenn. R. Civ. P. 60.02(3) because the provisions of Article XI, section 18 of the Tennessee Constitution not enjoined in *Tanco v. Haslam* make void the judgment of the Court of Appeals affirming the dismissal of Plaintiffs' claims because the judgment was predicated on an "interpretation" of Tennessee Marriage Licensure laws "purporting to define marriage as

3

[some]thing other than the historical institution and legal contract solemnizing the relationship between one man and one woman" and such an interpretation is expressly made "void and unenforceable" under said Constitutional provisions.

ISSUE II. Because the record was clear that no court of competent jurisdiction has ever enjoined enforcement of the provisions of Article XI, section 18 of the Tennessee Constitution that are applicable to T.C.A. 36-3-104(a)(1) and -113(a)-(c), the Trial Court abused its discretion in denying relief under Tenn. R. Civ. P. 60.02(4) because prospective application of this Court's judgment of dismissal is no longer equitable to or just for any of the parties.

ISSUE III. Because the record was clear that no court of competent jurisdiction has ever enjoined enforcement of the provisions of Article XI, section 18 of the Tennessee Constitution that are applicable to T.C.A. 36-3-104(a)(1) and -113(a)-(c), the Trial Court abused its discretion in denying relief under Tenn. R. Civ. P. 60.02(5) because an incorrect legal standard was applied by this Court to the law and the correct application of that law is of "overwhelming importance," not just to the parties, but to all the people of Tennessee.

With each issue, the plaintiffs are careful to distinguish between the trial court and this Court. The plaintiffs state the trial court abused its discretion because the judgment of this Court is void and is not entitled to prospective application because our "judgment of dismissal is no longer equitable to or just for any of the parties." The plaintiffs also state "an incorrect legal standard was applied by this Court" in *Grant I*. The plaintiffs all but concede that their Rule 60.02 motion is an assault on this Court's judgment in *Grant I*.

With the issuance of the mandate, the judgment and opinion in *Grant I* were final and became the law of the case. *See Gill v. Godwin*, 442 S.W.2d 661, 662 (Tenn. Ct. App. 1967). As such, the judgment and opinion were binding on both the trial court and the plaintiffs. *See id.* at 662-63; *Gray's Disposal Co., Inc. v. Metro. Gov't of Nashville*, 318 S.W.3d 342, 348 (Tenn. 2010). The trial court had no authority to revise or modify our prior opinion. *See McDade v. McDade*, 487 S.W.2d 659, 663 (Tenn. Ct. App. 1972).

While there are exceptions to the law of the case doctrine, *Gray's Disposal Co., Inc.*, 318 S.W.3d at 348, we find none of the exceptions applicable. We also find no abuse of discretion by the trial court in denying the plaintiffs' motion; the trial court properly declined the plaintiffs' invitation to declare *Grant I* void and not entitled to prospective application.

4

B.

Ms. Anderson asserts the plaintiffs' appeal was frivolous, and she seeks an award of her attorney's fees as damages. Under Tennessee Code Annotated § 27-1-122 (2017), an appellate court may award damages, including attorney's fees, against appellants if an appeal is frivolous or taken solely for delay. The statute authorizing an award of damages for frivolous appeals "must be interpreted and applied strictly so as not to discourage legitimate appeals." *See Davis v. Gulf Ins. Grp.*, 546 S.W.2d 583, 586 (Tenn. 1977) (citing the predecessor to Tennessee Code Annotated § 27-1-122).

We agree with Ms. Anderson that this is a frivolous appeal. A frivolous appeal is one "utterly devoid of merit," *Combustion Eng'g, Inc. v. Kennedy*, 562 S.W.2d 202, 205 (Tenn. 1978), or that has "no reasonable chance of success." *Davis*, 546 S.W.2d at 586. As our supreme court has observed,

> [An] appeal is recognizable on its face as devoid of merit [when i]t presents no justiciable questions—neither debatable questions of law nor findings of fact not clearly supported. It is difficult to believe that such an appeal could serve any purpose other than harassment . . . . In the words of Abraham Lincoln [such an] appeal is 'as thin as the boiled shadow of a homeopathic pigeon.'

*Id.* Here, the plaintiffs' motion for relief from our judgment and opinion had no chance for success either before the trial court or this Court.

**III.**

We affirm the denial of the motion for relief from judgment. We award Ms. Anderson her attorney's fees and expenses incurred on appeal. This case is remanded to the trial court for a determination of the proper amount of attorney's fees and expenses to be awarded and for such other proceedings as are necessary and consistent with this opinion.

_____
W. NEAL MCBRAYER, JUDGE

5