IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs June 3, 2025

## JESSICA GARVIN v. MARIAH SHELTON

**Appeal from the Chancery Court for Knox County**
**No. 204-966-2      Richard B. Armstrong, Jr., Chancellor**
_____

### No. E2024-01926-COA-R3-CV
_____

On remand from this Court, Appellant filed a motion for attorney's fees and costs in the trial court. As the basis for her motion, Appellant relied on Tennessee Code Annotated section 20-12-119 (contemplating an award of attorney's fees to a party on grant of his or her Tennessee Rule of Civil Procedure 12 motion to dismiss), and on this Court's mandate from the first appeal, wherein we remanded the case to the trial court for, *inter alia*, "collection of costs." The trial court denied the motion, and Appellant appeals. Discerning no error, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed and Remanded**

KENNY ARMSTRONG, J., delivered the opinion of the court, in which ANDY D. BENNETT, and KRISTI M. DAVIS, JJ., joined.

Evan M. Wright, Livingston, Tennessee, for the appellant, Mariah Shelton.

Larry C. Vaughan, Knoxville, Tennessee, for the appellee, Jessica Garvin.

## OPINION

### I. Background

This is the second appeal in this case. The relevant background facts are set out in this Court's previous opinion, ***Garvin v. Shelton***, No. E2022-01258-COA-R3-CV, 2023 WL 4947923 (Tenn. Ct. App. Aug. 3, 2023) ("***Garvin I***").[1] This Court's judgment in

---

[1] We note that ***Garvin I*** is designated a "Memorandum Opinion" under Rule 10 of the Rules the Court of Appeals. When a case is decided by memorandum opinion, it shall be designated 'MEMORANDUM OPINION,' shall not be published, and shall not be cited or relied on for any reason in ***any unrelated case***." (Emphasis added).

*Garvin I* was entered on August 3, 2023. Therein, we held:

> It is therefore ORDERED and ADJUDGED by this Court that the judgment of the Chancery Court for Knox County is reversed. **This matter is remanded to the Chancery Court for Knox County for collection of costs**. The costs on appeal are taxed to the appellee, Jessica Garvin, and her surety, if any.

(Emphasis added). Relying, *inter alia*, on the emphasized language, on remand from *Garvin I*, Appellant Maria Shelton filed a "Motion to Set Costs" in the trial court. By her motion, which was filed on February 5, 2024, Ms. Shelton sought "[c]osts and attorney's fees . . . includ[ing] [for] the entirety of the appellate process [in *Garvin I*]." As stated in her motion, Ms. Shelton sought an award of her fees and costs "pursuant to Tennessee Code Annotated section 20-12-119 and in conformance with the opinion of Tennessee Court of Appeals Opinion in [*Garvin I*], to set costs owed by Ms. Garvin for failing to state a claim on which relief can be granted." An initial hearing on Ms. Shelton's motion was scheduled for August 12, 2024. After a discussion of the scope of Tennessee Code Annotated section 20-12-119, both parties agreed to submit briefs on that question. Furthermore, Ms. Shelton agreed to submit an amended motion for costs to include only the trial court costs. On September 13, 2024, Ms. Shelton filed her amended motion, wherein she requested $4,798.75 for "costs [incurred] in the trial court." Appellee Jessica Garvin opposed the motion. By order of November 26, 2024, the trial court denied Ms. Shelton's motion for costs, and she appeals.

## II. Issues

Appellant raises the following issue as stated in her brief: "Whether the trial court erred in denying Ms. Shelton's motion for costs, including attorney's fees, in whole or in part pursuant to Tennessee Code Annotated section 20-12-119." Ms. Garvin asks for an award of appellate attorney's fees and costs on the ground of frivolous appeal.

## III. Standard of Review

Appellant's issue requires us to determine whether the trial court violated this Court's mandate in *Garvin I* by denying Appellant's motion for attorney's fees and costs under Tennessee Code Annotated section 20-12-119(c)(1), *see infra*. As this Court has explained:

> "The construction of a mandate issued by an appellate court presents a question of law." 5 Am. Jur. 2d Appellate Review § 685 (February 2020 Update) (footnote omitted); cf. *In re Fisk Univ.*, 392 S.W.3d 582, 588-89 (Tenn. Ct. App. 2011). We review questions of law de novo without affording a presumption of correctness to the conclusions of the trial court.

***Brooks v. Bd. of Prof'l Responsibility***, 578 S.W.3d 421, 424 (Tenn. 2019) (citations omitted).

***In re Estate of McCants***, No. E2019-01159-COA-R3-CV, 2020 WL 1652572, *3 (Tenn. Ct. App. April 3, 2020). The scope of a trial court's authority on remand is determined by this Court's mandate, which constitutes the "law of the case." Tenn. R. App. P. 42(a) ("Copies, certified by the clerk of the appellate court, of the judgment, any order as to costs or instructions as to interest, and a copy of the opinion of the appellate court shall constitute the mandate."). As this Court has explained,

> [a]fter a case has been appealed, a trial court does not re-acquire jurisdiction over the case until it receives a mandate from the appellate court. Once the mandate reinvests the trial court's jurisdiction over a case, the case stands in the same posture it did before the appeal except insofar as the trial court's judgment has been changed or modified by the appellate court. ***Raht v. Southern Ry.***, 215 Tenn. 485, 497, 387 S.W.2d 781, 786 (1965). The appellate court's opinion becomes the law of the case, ***Gill v. Godwin***, 59 Tenn. App. 582, 786, 442 S.W.2d 661, 662-63 (1967), foreclosing and excluding any complaint, constitutional or otherwise, as to the issues addressed and decided in the appellate court's opinion. ***Cook v. McCullough***, 735 S.W.2d 464, 469 (Tenn. Ct. App. 1987). Thus, the trial court does not have the authority to modify or revise the appellate court's opinion, ***McDade v. McDade***, 487 S.W.2d 659, 663 (Tenn. Ct. App. 1972), or to expand the proceedings beyond the remand order. ***Cook v. McCullough***, 735 S.W.2d at 470. The trial court's sole responsibility is to carefully comply with directions in the appellate court's opinion. ***Raht v. Southern Ry***., 215 Tenn. at 497-98, 387 S.W.2d at 786-87.

***Earls v. Earls***, No. M1999-00035-COA-R3-CV, 2001 WL 504905, at *3 (Tenn. Ct. App., filed May 14, 2001) (footnote omitted).

## IV. Analysis

As relevant here, in ***Garvin I***, we noted that

> Defendant [*i.e.*, Ms. Shelton] filed a motion to dismiss Plaintiff's [*i.e.*, Ms. Garvin's] complaint . . . pursuant to Tennessee Rule of Civil Procedure 12.02(6). . . . Defendant requested that the Trial Court . . . dismiss Plaintiff's complaint with prejudice, and award Defendant mandatory attorney's fees and costs pursuant to Tenn. Code Ann. § 20-12-119(c). . . . The Trial Court entered a final order on August 29, 2022, denying Defendant's motion to dismiss

*Garvin I*, 2023 WL 4947923, at \*2.  Indeed, in the August 29, 2022 final order, from which the appeal in *Garvin I* was taken, the trial court adjudicated Ms. Shelton's Rule 12 motion to dismiss as follows:

> The Court had previously ruled that there would not be hearing on the Rule 12.02 motion raising procedural and constitutional violations filed by the Defendant prior to holding this final hearing. The Court now **denies Defendant's motion to dismiss** while issuing the ruling in this cause without any further hearings on the matter.

(Emphasis added).  Our analysis in *Garvin I* focused on the trial court's extension of the temporary restraining order ("TRO").  Specifically, we did not address the trial court's denial of Ms. Shelton's motion to dismiss as set out in its August 29, 2022 order, *supra*.  Rather, our holding in *Garvin I* was limited to the trial court's extension of the TRO.  As stated in the conclusion of our opinion, "The Trial Court's final order extending the temporary restraining order for one year is reversed and this cause is remanded to the Knox County Chancery Court for the collection of costs below."  *Garvin I,* 2023 WL 4947923, at \*3.  In its order denying Ms. Shelton's motion for costs under Tennessee Code Annotated section 20-12-119(c)(1), the trial court outlined the extent of our holding in *Garvin I*:

> Although "whether Plaintiff's complaint stated a claim upon which relief could be granted" was an issue before the Court of Appeals, the opinion of that court does not address the propriety of this Court's predecessor's denial of the Motion to Dismiss. Rather, the opinion only addresses the propriety of this Court's predecessor's extension of the temporary restraining order. Indeed, the mandate merely mentions the extension of the temporary restraining order and does not address the other two issues on appeal. Similarly, the opinion only addresses the evidence and testimony presented by Plaintiff at the hearing. The contents of the Complaint itself, and whether it states a claim, was not addressed by the Court of Appeals. Therefore, the Court finds and concludes that this Court's predecessor's denial of the Motion to Dismiss was not reversed on remand.

The trial court's interpretation of our holding in *Garvin I* is correct. As noted above, on remand, "the case stands in the same posture it did before the appeal **except insofar as the trial court's judgment has been changed or modified by the appellate court**." *Earls*, 2001 WL 504905, at \*3 (citing *Raht*, 387 S.W.2d at 786) (emphasis added). For the reasons discussed above, the *Garvin I* Court did not "change[] or modif[y]" the trial court's order denying Ms. Shelton's motion to dismiss.

Tennessee Code Annotated section 20-12-119(c), under which Appellant seeks attorney's fees, provides, in relevant part that,

in a civil proceeding, where a trial court **grants** a motion to dismiss pursuant to Rule 12 of the Tennessee Rules of Civil Procedure for failure to state a claim upon which relief may be granted, the court shall award the party or parties against whom the dismissed claims were pending at the time the successful motion to dismiss was granted the costs and reasonable and necessary attorney's fees incurred in the proceedings as a consequence of the dismissed claims by that party or parties. The awarded costs and fees shall be paid by the party or parties whose claim or claims were dismissed as a result of the **granted** motion to dismiss.

(Emphases added). Because Appellant's motion to dismiss was denied in the trial court, and that holding was left undisturbed by this Court in *Garvin I*, section 20-12-119(c), which contemplates an award of attorney's fees and costs when a motion to dismiss is **granted**, is not applicable. Accordingly, our remand to the trial court, in *Garvin I*, "for collection of costs," denotes collection of the court costs; this language does not contemplate an award of attorney's fees and costs as there is no legal basis for such award.

## V. Frivolous Appeal

Appellee asks for an award of appellate attorney's fees under Tennessee Code Annotated section 27-1-122, which provides that,

[w]hen it appears to any reviewing court that the appeal from any court of record was frivolous or taken solely for delay, the court may, either upon motion of a party or of its own motion, award just damages against the appellant, which may include, but need not be limited to, costs, interest on the judgment, and expenses incurred by the appellee as a result of the appeal.

Tenn. Code Ann. § 27-1-122. Whether this Court awards damages for a frivolous appeal lies solely within our discretion. *Young v. Barrow*, 130 S.W.3d 59, 66-67 (Tenn. Ct. App. 2003). Although we exercise this discretion "'sparingly so as not to discourage legitimate appeals,'" *Eberbach v. Eberbach*, 535 S.W.3d 467, 475 (Tenn. 2017) (quoting *Whalum v. Marshall*, 224 S.W.3d 169, 181 (Tenn. Ct. App. 2006)), "'[s]uccessful litigants should not have to bear the expense and vexation of groundless appeals.'" *Whalum*, 224 S.W.3d at 181 (quoting *Davis v. Gulf Ins. Group*, 546 S.W.2d 583, 586 (Tenn. 1977)). Based on our review of the record, and in the exercise of our discretion, we decline to award damages on the basis of frivolous appeal.

## VI. Conclusion

For the foregoing reasons, we affirm the trial court's order denying Appellant's motion for costs. Appellee's request for frivolous appeal damages is denied, and the case is remanded to the trial court for such further proceedings as may be necessary and are

consistent with this opinion. Costs of the appeal are assessed to the Appellant, Mariah Shelton. Execution for costs may issue if necessary.

s/ Kenny Armstrong

KENNY ARMSTRONG, JUDGE